
FILED

FEB 14 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ANTHONY SHAFFER,

and

JD SMITH,

    Plaintiffs,

vs.

GEORGE PEIRCE
GENERAL COUNSEL
DEFENSE INTELLIGENCE AGENCY
Washington, D.C. 20340-5100,

ROBERT H. BERRY, JR.
PRINCIPAL DEPUTY GENERAL
  COUNSEL
DEFENSE INTELLIGENCE AGENCY
Washington, DC 20340-5100,

WILLIAM J. HAYNES, II, ESQ.,
GENERAL COUNSEL
DEPARTMENT OF DEFENSE
Washington, DC 20301,

and

TOM TAYLOR
SENIOR DEPUTY GENERAL COUNSEL
DEPARTMENT OF THE ARMY
104 Army Pentagon
Washington, DC 20310-0104,

    Defendants.

\* \* \* \* \* \*  \* \* \* \* \*

Civil Action No. 06-_____

CASE NUMBER   1:06CV00271

JUDGE: Gladys Kessler

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 02/14/2006

**PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER
AND/OR PRELIMINARY INJUNCTION**

NOW COME Plaintiffs, Anthony Shaffer and JD Smith, behalf of themselves, by and through undersigned counsel, and move this Honorable Court for a Temporary Restraining Order and/or a Preliminary Injunction enjoining Defendants George Peirce, General Counsel of the Defense Intelligence Agency ("DIA"), Robert Berry, Jr., Principal Deputy General Counsel of DIA, William Haynes, II, General Counsel Department of Defense ("DOD") and Tom Taylor, Senior Deputy General Counsel, Department of the Army, from refusing to provide undersigned counsel with access to classified information known to Plaintiffs concerning a Department of Defense program code named ABLE DANGER.

In support thereof, Plaintiffs aver as follows:

**MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY
RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

Plaintiffs file this Memorandum in Support of a Motion for Temporary Restraining Order against Defendants George Peirce, General Counsel of the Defense Intelligence Agency ("DIA"), Robert Berry, Jr., Principal Deputy General Counsel of DIA, William Haynes, II, General Counsel Department of Defense ("DOD") and Tom Taylor, Senior Deputy General Counsel, Department of the Army, to prevent Defendants from depriving plaintiffs of their right to counsel, under circumstances that violate constitutional law and federal regulations.

Plaintiff Shaffer is a member of the Army Reserve component of the Armed Forces and a civilian employee of the DIA, Plaintiff Smith is a former employee of a defense contractor, and both will be instructed to answer questions in a closed classified session

2

before Subcommittees of the House Armed Services on 15 February 2006 regarding their participation in ABLE DANGER and related programs.

Plaintiffs seek this temporary restraining order to prevent irreparable harm to them as a result of being deprived of right to counsel. This Court should grant the motion for a temporary restraining order as well as grant a preliminary injunction to prevent Peirce from prohibiting Plaintiffs from exercising their constitutional right to counsel because:

a. Plaintiffs raised a justiciable issue before this court in that Defendants decision to prevent Plaintiffs from exercising their right to counsel violates constitutional law and federal regulations.

b. There is a substantial likelihood Plaintiffs will succeed on the merits of their case because there is no dispute that Defendants are denying undersigned counsel access to relevant classified information and therefore depriving Plaintiffs of their right to have counsel present at the congressional hearing, a right which is provided for by Congress pursuant to its own rules and procedures;

c. Plaintiff's face irreparable injury as a result of being deprived of their fundamental constitutional right to counsel, as Plaintiffs will be testifying and answering questions on classified matters under oath and will be liable to the full extent of the law for any answers they provide;

d. The granting of the injunction will not prevent Defendants from continuing efforts to prevent unauthorized disclosure of classified information, as the requested access is limited and narrowly focused, and undersigned counsel has a lengthy history of cooperating with disclosure prohibitions on classified information; and

e. Public interest will be furthered by granting the injunction because Plaintiff's

testimony will inform the appropriate congressional committee on relevant information concerning ABLE DANGER and related programs.

## FACTUAL BACKGROUND

Plaintiff Shaffer was previously scheduled to testify in a session on September 20th, 2005 before the Judiciary Committee of the U.S. Senate regarding his participation with ABLE DANGER and related programs. In light of Plaintiff Shaffer's request that undersigned counsel be present at any hearing to offer legal guidance, a request was sent to Defendant Peirce on August 30, 2005 requesting authorization for undersigned counsel to receive access to classified information concerning ABLE DANGER and related programs. Plaintiff Shaffer determined that undersigned counsel possessed the requisite need to know the information that he intended to present to the Congress, a determination which Mr. Shaffer is authorized to make pursuant to the DIA handbook entitled "Need-to-Know," DAC-2300-001-98 (April 1998), which was provided to counsel through discovery in Stillman v. DoD et al., 209 F.Supp.2d 185 (D.D.C. 2002). Defendant Peirce responded on September 16, 2005 and denied the request, relying principally on DoD Directive 5200.2-R, C3.4.4.6 (January 1987), which as noted refers to matters involving the existence of litigation. The Directive notes that:

> Attorneys representing DoD military, civilian or contractor personnel requiring access to DoD classified information to properly represent their clients, shall normally be investigated by DIS and cleared in accordance with the prescribed procedures in paragraph C3.4.2. This shall be done upon certification of the General Counsel of the DoD Component involved in the litigation that access to specified classified information, on the part of the attorney concerned, is necessary to adequately represent his or her client.

On February 15, 2006, Plaintiff Shaffer and Plaintiff Smith will both be testifying in a closed classified session before Subcommittees of the House Armed Services Committee

4

regarding their participation with ABLE DANGER and related programs. Plaintiff Shaffer and Plaintiff Smith both determined that undersigned counsel possessed the requisite need to know the information that they intended to present to the Congress, and requested that counsel be present during any hearing to provide legal guidance. A letter was sent to Defendant Peirce on February 2, 2006 renewing the request for undersigned counsel to be granted authorization to receive access to classified information concerning ABLE DANGER and related programs. A response was received that same day from Defendant Berry denying the request. Having exhausted all reasonable administrative methods, Plaintiffs move for this Honorable Court to grant the temporary restraining order and grant preliminary injunctive relief.

## ANALYSIS

### I. THE DEFENSE DEPARTMENT'S INFRINGMENT ON PLAINTIFFS' RIGHT TO COUNSEL IS JUSTICIABLE

Given the traditional deference accorded to military affairs, courts are required to balance several competing interests in reviewing internal military determinations. McVeigh v. Cohen, 996 F. Supp. 59, 60 (D.D.C. 1998). However, where the military violates a constitutional right, a federal statute, or its own regulations, the military and its decisions are subject to judicial review. Id.; Shaw v. Gwatney, 795 F.2d 1351, 1357 (8th Cir. 1986).

A district court called on to examine or review military decisions must analyze and weigh several factors. These factors are enumerated in the seminal case Mindes v. Seamen, 453 F.2d 197 (5th Cir. 1971), affirmed on appeal after remand, 501 F.2d 175 (5th Cir. 1974). The Mindes court determined that a court should not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intra-service corrective measures. Mindes, 453 F.2d at 201.

If a plaintiff seeking review of a military decision sufficiently alleges the appropriate violation, and exhaustion of administrative remedies, or if no such remedies are available, the court must then examine the substance of the allegations in light of the policy reasons that militate in favor of not reviewing military decisions. Id. The Mindes court determined there were four factors that a court must analyze:

(1) The nature and strength of the plaintiff's challenge to the military determination. An obviously tenuous claim of any sort must be weighted in favor of declining review.

(2) The potential injury to the plaintiff if review is refused.

(3) The type and degree of anticipated interference with the military function. Interference that would "seriously impede the military in the performance of vital duties" militates strongly against relief.

(4) The extent to which the exercise of military expertise or discretion is involved. Courts should defer to superior knowledge and experience of professionals in matters such as military personnel decisions or other areas that relate to specific military functions.

Id.

Plaintiffs in this case have no difficulty meeting all of the Mindes factors. Accordingly, this Court should exercise its jurisdiction over plaintiffs' claims and grant their motion for a temporary restraining order and preliminary injunction as requested.

As a threshold matter, plaintiffs allege a violation of a constitutional right, the First, Fifth and Sixth Amendment right to counsel. This is sufficient to meet the initial requirement under Mindes. See, e.g., McVeigh, 996 F. Supp. at 60.

With regard to the second preliminary inquiry, that plaintiffs show that they have exhausted applicable administrative remedies prior to bringing their action, it is well settled that federal courts cannot require a plaintiff to exhaust available administrative remedies before seeking judicial review under the Administrative Procedures Act. See e.g., Darby v. Cisneros, 509 U.S. 137, 153-4 (1993). In addition, plaintiffs have voluntarily taken reasonable measures to resolve this dispute administratively, formally

6

requesting that Defendants grant authorization for undersigned counsel to be granted access to the aforementioned classified information and being denied in the aforementioned response from Defendant Berry.

Moreover, the harm resulting from Defendants' violation of the First, Fifth and Sixth Amendment and regulations in question is immediate and permanent, resulting in Plaintiffs being questioned under oath without legal guidance from counsel. Accordingly, Plaintiffs readily satisfy the second prong of the Mindes analysis.

Having determined that the initial allegations are sufficient, this Court must then turn to the four-factor analysis delineated in Mindes. These factors, comparable to a test for a preliminary injunction, readily show that this case is appropriate for judicial intervention and remedy.

### A. Defendants' Refusal to Grant Access to Counsel Violates Plaintiffs' First, Fifth and Sixth Amendment Rights and The Separation of Powers Doctrine.

The first factor is the nature and strength of the plaintiffs' challenge to the military program or determination. Plaintiffs have provided this Court with the undisputed fact, substantiated by the government's own documents and declarations, that Defendants have denied and continue to deny Plaintiffs their right to have counsel present at a closed classified congressional hearing, at which Plaintiffs will give testimony and be questioned under oath.

The right to counsel "embodies a realistic recognition of the obvious truth that the average...[person] does not have the professional legal skill to...[represent] himself...." Johnson v. Zerbst, 304 U.S. 458, 462-63 (1938).[1] This right is fundamental and "deserving of rigorous protection." Martin v. Lauer, 686 F.2d 24, 33 (D.C.Cir. 1982).

---

[1] Although the Supreme Court in *Johnson* relied upon the Sixth Amendment, its rationale is no less applicable to the Fifth Amendment right to counsel which Plaintiffs assert.

7

Moreover, "[s]ound legal advice or advocacy serves public ends and...such advice or advocacy depends on the lawyer being fully informed by the client." Id. at 32. Anything less would leave counsel to guess or stumble about, and the client to act on frustration rather than guidance. On these commonsense principles, this Circuit has previously invalidated an agency requirement that employees divulge oral consultations with counsel, as this would operate to inhibit "frank discussions." Martin, 686 F.2d at 27-34.[2] The rationale in Martin is equally applicable and can be logically extended to classified documents. See, Jacobs, 47 F. Supp.2d at 20-24 & n. 8. No legitimate reason exists to withhold from counsel classified information when security clearance requirements are met and which counsel is therefore bound to not further disclose. Id. at 22-24. To do so is merely to obstruct the flow of information from client to counsel upon which effective assistance depends.

This right is no less pertinent due to the fact that the forum in question is a congressional hearing rather than a court of law. The Rules of the House of Representatives state very clearly in Clause 2(k)(3) of Rule XI that "witnesses at hearings may be accompanied by their own counsel for the purpose of advising them concerning their constitutional rights." See also, Rules of the House Armed Services Committee, 109th Congress (2005), Rule XXIV, available at http://www.house.gov/hasc/about/rules.html. Neither the Rules of the House of Representatives, nor those of the Armed Services Committee, make any mention of this right to counsel being preempted, even when a hearing is closed to the public and deemed

---

[2] Although the holding in *Martin* did not extend to permit the physical disclosure of documents themselves, the information at issue was FOIA-exempt personnel information, not classified information for which counsel held the appropriate security clearance.

classified.  See Rules of the House of Representatives, 109th Congress (2005), Rule XI.2(g)(2), available at http://www.rules.house.gov/ruleprec/RXI.htm.  Each house of Congress is fully empowered by the Constitution to "determine its rules of proceedings," and that authority is "absolute and beyond the challenge of any other body or tribunal." United States v. Ballin, 144 U.S. 1, 5 (1892) ("[Either house] may not by its rules ignore constitutional restraints or violate fundamental rights…[b]ut within these limitations all matters of method are open to the determination of the house"); See also, U.S. CONST. Art. I, sec. 5, cl. 2.

The language of Ballin leaves open the possibility that a constitutional restraint, namely the executive branch's authority and expertise over protecting classified information, could usurp Congress's authority to prescribe its own rules and procedures by virtue of those rules interfering with the executive branch's function of protecting classified information.  To be sure, it is settled law that the separation of powers doctrine "prohibits each branch of the government from intruding upon the central prerogatives of another," Loving v. United States, 517 U.S. 748, 757 (1996), and that an "intrusion occurs when one branch arrogates to itself powers constitutionally assigned to another branch or when the otherwise legitimate actions of one branch impair the functions of another." Clinton v. Jones, 520 U.S. 681, 701-02 (1997).  More pertinently, it is equally settled law that deference is granted to executive branch agencies on matters of national security and preventing unauthorized disclosure of classified information.  See, e.g., Frugone v. CIA, 169 F.3d 772, 775 (D.C. Cir. 1999); Goldberg v. Dep't of State, 818 F.2d 71, 77 (D.C. Cir. 1987); Abbotts v. Nuclear Regulatory Comm'n, 766 F.2d 604, 606 (D.C. Cir. 1985).

In order to determine whether the House Armed Services Committee's prescription of a rule permitting a witness to have counsel present during a closed classified hearing impairs the Defendant's ability to effectively prevent the unauthorized disclosure of classified information, a balancing of the two competing interests must be resolved. cf. Nixon v. Admin'r of Gen. Serv., 433 U.S. 425, 433 (1977). The Defendant's interest in preventing unauthorized disclosure of classified information, while real, bears little weight in this case, as undersigned counsel has an error-free history of receiving similar temporary clearances from various executive agencies in order to fulfill his duties as counsel to employees and former employees of such agencies, including a temporary clearance to access separate information related to Plaintiff Shaffer's work with DIA. Furthermore, the degree of intrusion upon the functions of the legislative branch would be substantial, as it would undermine its ability to prescribe its own rule and procedures for conducting hearings, authority for which is afforded by the Constitution rather explicitly.

The nature and strength of the Plaintiff's challenge to the military determination is substantial and sufficient. The Plaintiff's right to have counsel present while testifying under oath before a congressional committee implicates a fundamental constitutional right, namely the First, Fifth and Sixth Amendment right to counsel, and the rules and procedures of the House Armed Services Committee explicitly provide for counsel to be present to provide guidance to a testifying witness.

**B. Plaintiffs Will Suffer Irreparable Harm in Violation of the Constitution**

The second factor to be weighed by the Court is the potential injury to the Plaintiffs if the Court refuses to review the military action. It cannot be emphasized enough that the

harm in this case to plaintiffs is irreparable. The conferral upon individuals of a right to counsel is a fundamental right enjoyed by all citizens and can not be infringed absent specific Constitutional authority to the contrary. More pertinently, the presence of counsel at a closed hearing of a congressional committee for the purpose of providing legal guidance to a testifying witness is not new or unprecedented. See, e.g., U.S. v. Kamin, 136 F.Supp. 791, 794 (D.C.D. Mass. 1956) (individual testifying before an executive session of the Senate Permanent Subcommittee on Investigations was permitted to have counsel present and confer with counsel prior to responding to questions).

### C. There Will Be Virtually No Interference With the Military's Ability to Prevent Unauthorized Disclosure of Classified Information Within Its Control

The third factor under Mendes for the Court to consider is the type and degree of anticipated interference with the military function resulting from the requested action. The granting of the requested injunctive relief will not interfere with the military's need and obligation to protect classified information, as the requested access for undersigned counsel will be limited and narrowly focused, pertaining only to the information needed to adequately provide effective legal guidance to Plaintiffs while testifying before the House Armed Services Committee. Moreover, counsel will be bound to not further disclose the classified information by an appropriate Security/Non-Disclosure Agreement.

### D. Virtually No Military Discretion is Involved in the Determination Necessary to Grant Plaintiffs' Motion

The final factor to be considered is the extent to which the exercise of military expertise or discretion is involved in the matter at issue. Mindes, 453 F.2d at 201. Although courts generally should defer to the superior knowledge and expertise of military members in matters directly related to specific military functions, in this case, that function directly infringes upon fundamental constitutional rights of the plaintiffs

11

and directly impairs the constitutionally-conferred authority of Congress to prescribe its own rules and proceedings.

## II. PLAINTIFFS MEET THE REQUIREMENTS FOR THE GRANTING OF A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The legal standard plaintiffs must meet in moving for a Temporary Restraining Order or preliminary injunction is not in dispute. "A court considering a plaintiff's request for a preliminary injunction must examine whether: (1) there is a substantial likelihood plaintiff will succeed on the merits; (2) plaintiff will be irreparably injured if an injunction is not granted; (3) an injunction will not substantially injure the other party; and (4) the public interest will be furthered by the injunction." Serono Lab v. Shalala, 158 F.3d 1313, 1317-18 (D.C.Cir 1998). See Sea Containers Ltd. v. Stena AB, 890 F.2d 1205, 1208 (D.C.Cir. 1989); Washington Metro Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C.Cir. 1977). The court "must balance the strengths of the requesting party's arguments in each of the four required areas." CityFed Fin. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C.Cir. 1995). An injunction may be issued if the arguments in favor of one particular factor are particularly strong "even if the arguments in other areas are rather weak." Id. Therefore, "[a]n injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." Id.

Plaintiffs' arguments relating to the first three requirements for a preliminary injunction are virtually identical to the Mindes factors discussed at length above and plaintiffs will not recount them here. Because Plaintiffs make such a strong showing of a likelihood of success on the merits, and irreparable harm, inquiry into the remaining factors should be minimal. The only factor that is not discussed in the Mindes analysis relates to the effect of the proposed action on public policy. Plaintiffs discuss this remaining aspect below.

12

### A. Public policy concerns argue in favor of granting the requested restraining order and injunction

DIA's actions are contrary to public policy as indicated in the above-referenced Constitutional provisions and federal regulations. The Court should grant the injunctive relief to insure compliance by the federal government with the protections conferred upon all citizens by the Constitution, as well as the authority vested by the Constitution in the Congress. Accordingly, there is no basis for opposing the granting of an injunction on public policy grounds; in fact, public policy demands that the DIA's denial of a fundamental constitutional right be prohibited as violative of the basic principles of federal law.

### CONCLUSION

This Court should grant injunctive relief to plaintiffs and order Defendants to grant authorization to undersigned counsel to access to classified information concerning ABLE DANGER and related programs.

Date:   February 13, 2006

Respectfully submitted,

Roy W. Krieger, Esq.
DC Bar #375754
Mark S. Zaid, Esq.
DC Bar #440532
Krieger & Zaid, PLLC
1920 N St., N.W.
Suite 300
Washington, D.C. 20036
(202) 452-4814

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY SHAFFER, ET AL     (
                           )
        v.                 )
                           (
GEORGE PEIRCE, ET AL       (
                           )

LOCAL RULE CS.1 STATEMENT

I, ROY W. KRIEGER, ON 2/14/06 HAVE FAXED A COPY OF THE COMPLAINT AND MOTION FOR TEMPORARY RESTRAINING ORDER TO THE US ATTORNEY FOR THE DISTRICT OF COLUMBIA AND TO THE DEFENSE INTELLIGENCE AGENCY GENERAL COUNSEL AT APPROXIMATELY 1 PM EST.

_____
ROY W. KRIEGER

06 0271

**FILED**

FEB 14 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT