# EXHIBIT "1"



# OFFICE OF BAR COUNSEL
### THE BOARD ON PROFESSIONAL RESPONSIBILITY
### DISTRICT OF COLUMBIA COURT OF APPEALS



**BAR COUNSEL**
Leonard H. Becker

**DEPUTY BAR COUNSEL**
Wallace E. Shipp, Jr.

515 Fifth Street, N.W.
Building A, Room 127
Washington, D.C. 20001-2797
(202) 638-1501
FAX (202) 638-0862

July 29, 1999

**CONFIDENTIAL**

Mark S. Zaid, Esquire
c/o Steven C. Tabackman, Esquire
Tighe Patton Tabackman & Babbin, LLC
1747 Pennsylvania Ave., N.W., Suite 300
Washington, DC 20006

            Re:   Zaid/Bar Counsel
               Bar Docket No. D092-99

Dear Mr. Zaid:

   This office has completed its investigation of the above-referenced matter. We have evaluated this matter in light of an attorney's obligations as set forth in the District of Columbia Rules of Professional Conduct ("Rules"). It is the burden of our office to find clear and convincing evidence of a violation of the Rules in order to institute a disciplinary proceeding against an attorney. "Clear and convincing" evidence is more than a mere preponderance of the evidence, which would be sufficient in a civil proceeding. We do not find such evidence in our investigation of the matter and therefore, we must dismiss the complaint.

   This office commenced a formal investigation upon receipt of a referral from Judge Royce Lamberth of the United States District Court for the District of Columbia. Judge Lamberth brought to our attention his memorandum opinion filed February 5, 1999 in a matter styled Assassination Archives & Research Center v. Central Intelligence Agency, C.A. No. 97-2957 RCL (D.D.C.) (the "AARC litigation"). You were counsel for plaintiff ("AARC") in the civil matter. Judge Lamberth dismissed the civil complaint upon finding that you had breached a confidentiality agreement with the defendant Central Intelligence Agency (the "CIA"), dated March 19, 1996. The agreement precluded disclosure of settlement discussions pertaining to another civil action, previously before the District Court, styled Scott v. Central Intelligence Agency, C.A. No. 95-686 CRR ("Scott"). In Scott, the plaintiff sought to recover a manuscript generated by his father, who previously had served as United States Ambassador to Mexico at the time of President Kennedy's assassination. The confidentiality agreement in Scott provided pertinently:

Mark S. Zaid, Esquire
Re: Zaid/Bar Counsel; Bar Docket No. D092-99
Page 2

> "The parties agree that the nature and extent of the discussions concerning possible settlement will not be disclosed beyond the parties to the lawsuit and counsel without consent of all parties. The parties specifically agree that there will be no public disclosure of these settlement discussions beyond a statement that settlement is being or has been discussed."

Judge Lamberth found that on three occasions, you had divulged information gleaned in the course of settlement discussions in violation of the confidentiality agreement -- namely, that pursuant to a document destruction order, the CIA had destroyed the manuscript that was the subject of the Scott suit. The first such disclosure was made to the general counsel of the Assassination Records Review Board (the "Review Board"), a congressionally created and presidentially appointed board having statutory responsibility to oversee and coordinate the review and release of government records relating to the assassination of President Kennedy; the second, in a Freedom of Information Act ("FOIA") request directed to the CIA for the destruction order in question; and the third, in a parallel FOIA request filed on behalf of AARC. Judge Lamberth declined to find that a fourth disclosure – made to co-counsel in Scott with their assurance that they would abide by the confidentiality agreement – violated the agreement.

We docketed the matter for investigation and called for your response, which we received, through your counsel, on April 22, 1999. You deny that your divulgence of information for the benefit of your client in the AARC litigation, which you had received on behalf of another client in the Scott litigation, violated any provision of the Rules. You note that the plaintiff in AARC, through successor counsel, has moved before Judge Lamberth for reconsideration. You suggest that the matter is best addressed, if at all, before the court.

We requested copies of the papers filed in support of and in opposition to the motion for reconsideration, which you supplied on April 29, 1999. In the memorandum of points and authorities accompanying its motion, AARC, through successor counsel whom you join as of counsel, contends that the facts

> "reflect misjudgment and mistake on the part of Mr. Zaid: misjudgment in not better handling how he sought to reveal evidence of what appeared to be the CIA's improper and illegal behavior in destroying important historical records and mistake in permitting his relative inexperience at the time to be taken advantage of by the CIA" (Memo at 1-2) (footnotes omitted).

AARC contended in its motion that the CIA improperly had induced you to enter into the confidentiality agreement in an effort to conceal its wrongful destruction of documents required to be preserved under a federal statute and a memorandum of understanding with a Committee of the United States House of Representatives; also, that as the result of your disclosure to the Review Board, the destruction order had become public in September 1998 (Memo at 13). AARC also

Mark S. Zaid, Esquire
Re: Zaid/Bar Counsel; Bar Docket No. D092-99
Page 3

argued that you may have been under a legal obligation to disclose the CIA's destruction order to the Review Board (id. at 11 n.8) and that the FOIA requests to the CIA were permitted under the confidentiality agreement (id. at 13 n.10).

The CIA opposed the motion for reconsideration, maintaining that the plaintiff's argument demonstrated your unrepentant attitude and propensity to engage in further violations of the confidentiality agreement. The agency denied that it had induced you to enter into the confidentiality agreement in order to conceal the existence of the destruction order. The drafter of the agreement maintained that he did not know of the existence of the order until some months after the agreement became effective. The CIA did not address your contentions relating to the disclosure to the Review Board and the permissibility of the FOIA requests under the terms of the confidentiality agreement. The agency confirmed that the destruction order had been declassified in or about September 1998.

On April 30, 1999, Judge Lamberth denied the motion for reconsideration, commenting as follows:

> "If Michael Scott had or has concerns that the CIA behaved improperly or unlawfully in connection with his case before Judge Richey, the appropriate remedy might be to move to reopen that case or to move for relief from the terms of the settlement reached there. Likewise, if Mr. Zaid had felt that the confidentiality agreement improperly constrained him in his duty to report wrongdoing to the appropriate authorities, he could have raised those concerns at any stage with the CIA. If uncomfortable with that option, he could have addressed his concerns to the United States Attorney or to any local or federal law enforcement agency. Mr. Zaid, however, raised no such concerns to anyone at any time. Instead, apparently unable to resist the temptation of disclosing confidential information, and unconcerned about the ramifications of such improper disclosure for his clients, Mr. Zaid violated the agreement not once, but two times at least, possibly three times, despite the ongoing objections of defense counsel. Such bald disregard of the law and professional standards of conduct is rarely if ever justified, and certainly it was not in this case."

By letter dated May 4, 1999, we asked you to comment whether your conduct might have violated Rules 3.4(c), 8.4(c), and 8.4(d) of the District of Columbia Rules of Professional Conduct. We received your supplemental response on June 4, 1999. You again deny violations of the Rules and maintain that Judge Lamberth's dismissal of the AARC complaint is sufficient sanction.

1. Rule 8.4(c) forbids the lawyer to "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." For purposes of the antecedent to this Rule in the former Code of Professional Responsibility, the District of Columbia Court of Appeals (the "Court") has defined "dishonesty" as "encompass[ing] fraudulent, deceitful, or misrepresentative behavior" and "conduct

Mark S. Zaid, Esquire
Re: Zaid/Bar Counsel; Bar Docket No. D092-99
Page 4

evincing 'a lack of honesty, probity or integrity in principle; [a] lack of fairness and straightforwardness . . . .'" In re Shorter, 570 A.2d 760, 767-68 (D.C. 1990). By its terms, the confidentiality agreement forbade you to disclose "the nature and extent of the discussions concerning possible settlement" and required you to avoid "public disclosure of these settlement discussions" (emphasis added). As noted above, Judge Lamberth declined to hold that your disclosure to co-counsel in the Scott litigation violated the agreement. He concluded that the balance of your challenged conduct violated the agreement.

Arguably, the disclosure to the general counsel of the Review Board was not "public" within the meaning of the confidentiality agreement, although counsel for the CIA took the position that the disclosure violated the agreement. Similarly, the filing of an FOIA request before the CIA might not have been "public" within the meaning of the agreement, although, again, CIA counsel expressed a contrary view. The filing of the AARC civil action, challenging the CIA's refusal to turn over the document destruction order pursuant to the FOIA request, undeniably was public. As such, it arguably contravened the confidentiality agreement. However, we cannot say that in filing the lawsuit, you acted in a dishonest, underhanded or deceitful manner. Your filing of the FOIA requests before the CIA put the agency on notice that you disagreed concerning the scope and significance of the agreement. Accordingly, we cannot find a violation of the Rule on that score.

In reaching the foregoing conclusion, we have considered your suggestion that the confidentiality agreement, in terms, should be read not to forbid a person who acquires information pursuant to settlement discussions with the CIA to use that information in a subsequent FOIA claim without thereby disclosing the discussions. Such a reading, in our view, is narrow but not inadmissible. If the CIA had wanted you to preserve in confidence the information gleaned in settlement discussions, as well as the fact of the discussions themselves, the agency could have said so more precisely in the agreement than the agency in fact did. We do not think that we could persuade a Hearing Committee that the expansive reading accorded the agreement by the CIA necessarily is the only plausible interpretation.

2. Rule 3.4(c) forbids the lawyer "knowingly [to] disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." The confidentiality agreement did not constitute a rule of the court. It does not appear that the CIA asked the court to enter the agreement as a consented protective order. Thus, your breach of the agreement did not violate this Rule.

3. Rule 8.4(d) forbids the lawyer to "engage in conduct that seriously interferes with the administration of justice." The Court has required that proof of such conduct include evidence (i) that the attorney "either [took] improper action or fail[ed] to take action when, under the circumstances, he or she should [have] act[ed]"; (ii) that the conduct itself "must bear directly upon the judicial process . . . with respect to an identifiable case or tribunal"; and (iii) that "the attorney's conduct must taint the judicial process in more than a de minimis way; that is, at least potentially

Mark S. Zaid, Esquire
Re: Zaid/Bar Counsel; Bar Docket No. D092-99
Page 5

impact upon the process to a serious and adverse degree." In re Hopkins, 677 A.2d 55, 61 (D.C. 1996). Here, the second criterion undoubtedly is met, and we assume for present purposes that your actions met the first criterion as well. However, we could not establish by the requisite evidentiary standard that the disclosures had a direct bearing upon the judicial process. We cannot say that the disclosures tainted the settlement of the Scott litigation. Whether your breach of the agreement in Scott will dissuade the CIA or other federal departments or administrative agencies to enter into comparable agreements in the future presents too speculative an issue for us to resolve adversely to you under the "clear and convincing" standard.

In declining to find an ethical violation, we are not to be understood to condone your conduct, which Judge Lamberth has addressed in the appropriate civil forum.

For the reasons stated, we must dismiss this matter. We thank you for your cooperation. We trust that this letter adequately advises you of the basis of our decision.

Sincerely,

Leonard H. Becker
Bar Counsel

Enclosure

cc: Hon. Royce J. Lamberth
    United States District Judge
    United States District Court
      for the District of Columbia

LHB:gjt