**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
ANTHONY SHAFFER, et al.                     )
                                            )
              Plaintiffs,                   )        Civil Action No. 06-271 (GK)
                                            )
              v.                            )
                                            )
DEFENSE INTELLIGENCE AGENCY,                )
et al.                                      )
                                            )
              Defendants.                   )
_____)

**JOINT CASE MANAGEMENT REPORT**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, as amended, and Local Rule 16, as amended, the parties have conferred and submit the following joint report. The respective positions of the parties are set forth under each topic listed in Local Rule 16.3 as to which the parties conferred or exchanged positions.

*(1)    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion*.

The parties agree that the case can be fully resolved by dispositive motion. Defendants expect to file a motion to dismiss all of plaintiffs' claims on or before April 7, 2006. Defendants propose May 19, 2006, as a target deadline for defendants' dispositive motion to be resolved. As for plaintiffs' request that defendants be required to file their motion to dismiss earlier than April 7, 2006, defendants do not believe that expedited proceedings in this case are necessary as no congressional hearings have been scheduled. Nor is expedited discovery necessary to resolve the legal issues raised in the defendants' motion to dismiss. Discovery relating to defendants'

policies and regulations is also unnecessary because all policy directives and regulations relevant to plaintiffs' claims are publicly available.  See e.g., 32 C.F.R. § 154.16 (Department of Defense regulations governing security access determinations for persons not in the Executive Branch); http://www.dtic.mil/whs/directives/ (website containing directives governing DoD and its components). Moreover, plaintiffs have not raised a retaliation claim in their Amended Complaint and discovery on that issue is, therefore, irrelevant.   Defendant further believes that the opinion issued by district court in Stillman v. CIA et al., 209 F.Supp. 2d 185 (D.D.C. 2002), provides no support for plaintiffs' position in this case as the district court's decision was reversed on appeal to the D.C. Circuit.  See Stillman v. CIA et al., 319 F.3d 546 (D.C.Cir. 2003).

        Plaintiffs believe the defendants should be required to file their motion at an earlier date, if not sooner. This case, which presents important First Amendment concerns, was commenced on February 15, 2006, and the First Amended Complaint was filed on February 27, 2006. Regardless of the date set for the defendants' filing the plaintiffs reserve the right should Congress schedule "classified" meetings or hearings to occur prior to the resolution of the defendants' motion to file a motion for temporary restraining order, or for a preliminary or permanent injunction, or request expedited proceedings. Plaintiffs additionally believe it is essential to permit limited discovery with a shortened deadline through document production and interrogatory requests, which can be served March 20, 2006. Much of the legal debate will need to center around internal defendant policies and regulations, and it is by no means clear that the plaintiffs have the relevant information in their possession or can obtain it elsewhere. A nearly identical constitutional issue regarding attorney access to classified information was litigated in Stillman v. DoD et al., Civil Action No. 01-1342 (D.D.C.)(EGS), and Judge Sullivan permitted limited discovery. This is particularly important given that Judge Sullivan found that the

2

defendants Department of Defense and Defense Intelligence Agency conducted themselves in a manner that "smacks of retaliation for the assertion of First Amendment rights." Id. at 209 F.Supp.2d 185, 224 fn.26 (D.D.C. 2002).

Additionally, if discovery can be obtained, plaintiffs believe it will be appropriate to file a cross-motion for summary judgment in order to obtain the requested relief as a matter of law.

*(2)*   ***The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.***

The parties agree that all necessary parties have been joined, and no amendment of the pleadings is presently contemplated.

*(3)*   ***Whether the case should be assigned to a magistrate judge for all purposes, including trial.***

The parties oppose assignment of this case to a magistrate judge for all purposes.

*(4)*   ***Whether there is a realistic possibility of settling the case.***

At present the parties agree there appears to be no realistic possibility of settlement.

*(5)*   ***Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form or ADR) or Early Neutral Evaluation.***

The parties agree that this case is not suitable for ADR procedures.

*(6)*   ***Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.***

Plaintiffs' Position: Plaintiffs believe the defendants should be required to file their motion at an earlier date and suggests March 24, 2006, if not sooner. This case, which presents important First Amendment concerns, was commenced on February 15, 2006, and the First Amended Complaint was filed on February 27, 2006. Regardless of the date set for the defendants' filing the plaintiffs reserve the right should Congress schedule "classified" meetings

3

or hearings to occur prior to the resolution of the defendants' motion to file a motion for

temporary restraining order, or for a preliminary or permanent injunction, or request expedited

proceedings. Plaintiffs additionally believe, for reasons set forth below, it is essential to permit

limited discovery through document production and interrogatory requests, which can be served

March 20, 2006, with a response time of April 3, 2006.

Additionally, if discovery can be obtained, plaintiffs believe it will be appropriate to file

a cross-motion for summary judgment in order to obtain the requested relief as a matter of law.

Plaintiffs propose to file their Opposition/Cross-Motion two weeks after the filing of the

defendants' motion, which would be April 7, 2006, assuming discovery has been produced. The

defendants' Opposition/Reply can be filed by April 21, 2006, and the final Reply by the

plaintiffs would be filed by April 28, 2006. The matter would then be ripe for consideration by

this Court.

Defendants' Position: Defendants are in the process of preparing a motion to dismiss that

will fully resolve all of plaintiffs' claims and intend to file their motion to dismiss on or before

April 7, 2006. Defendants propose May 19, 2006, as a target deadline for defendants' dispositive

motion to be resolved.  As for plaintiffs' request that defendants be required to file their motion

to dismiss on or before March 24, 2006, defendants do not believe that expedited proceedings in

this case are necessary as no congressional hearings have been scheduled.  Nor is discovery

necessary to resolve the legal issues raised in the defendants' motion to dismiss.

**(7)    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree that they should dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**(8)    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

<u>Plaintiffs' Position:</u> Plaintiffs believe it is essential to permit limited discovery through document production and interrogatory requests, which can be served March 20, 2006, with a response time of April 3, 2006. Much of the legal debate will need to center around internal defendant policies and regulations (as well as the extent to which decisions have been retaliatory in nature), and it is by no means clear that the plaintiffs have the relevant information in their possession or can obtain it elsewhere. A nearly identical constitutional issue regarding attorney access to classified information was litigated in <u>Stillman v. DoD et al.</u>, Civil Action No. 01-1342 (D.D.C.)(EGS), and Judge Sullivan permitted limited discovery. This is particularly important given that Judge Sullivan found that the defendants Department of Defense and Defense Intelligence Agency conducted themselves in a manner that "smacks of retaliation for the assertion of First Amendment rights." <u>Id</u>. at 209 F.Supp.2d 185, 224 fn.26 (D.D.C. 2002).

<u>Defendants' Position:</u>  Because this case involves issues of law and a claim under the APA, discovery is inappropriate.  Defendants believe that all of the claims in this case can be resolved through defendants' motion to dismiss without the need for discovery.   Discovery relating to the relevant policies and regulations is also unnecessary because all policy directives and regulations relevant to plaintiffs' claims are publicly available.  <u>See</u> <u>e.g.</u>, 32 C.F.R. § 154.16

(Department of Defense regulations governing security access determinations for persons not in the Executive Branch); http://www.dtic.mil/whs/directives/ (website containing directives governing DoD and its components). Moreover, plaintiffs have not raised a retaliation claim in their First Amended Complaint and discovery on that issue is, therefore, irrelevant. Defendant further believes that the opinion issued by district court in Stillman v. CIA et al., 209 F.Supp. 2d 185 (D.D.C. 2002), provides no support for plaintiffs' position in this case as the district court's decision was reversed on appeal to the D.C. Circuit. See Stillman v. CIA et al., 319 F.3d 546 (D.C.Cir. 2003).

**(9)    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

Plaintiffs' Position: At this time the plaintiffs do not believe expert testimony will be required, but reserve the right to modify their position after reviewing the defendants' filing and any produced discovery.

Defendants' Position: Defendants does not believe that expert testimony will be required in this case.

**(10)    In class actions, appropriate procedures for dealing with Rule 23.**

The parties agree that the rule regarding class actions does not apply to this case.

**(11)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties believe that this case can be fully resolved on dispositive motions and that no bifurcation will be necessary.

**(12)     *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).***

The parties agree that the setting of firm pre-trial dates is premature until the Court has

ruled on any dispositive motions.

**(13)     *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set the pretrial conference from 30 to 60 days after that conference.***

The parties agree that the setting of a firm trial date is premature until the Court has ruled

on any dispositive motions.

Date:  March 15, 2006

Respectfully Submitted,

**FOR THE PLAINTIFFS**                    **FOR THE DEFENDANTS**

                                          PETER D. KEISLER
        /s/                               Assistant Attorney General

                                          KENNETH L. WAINSTEIN
_____                 United States Attorney
MARK S. ZAID
D.C. Bar #440532                          VINCENT M. GARVEY
KRIEGER & ZAID, PLLC                      Deputy Branch Director
1920 N St., N.W., Suite 300
Washington, D.C. 20006
(202) 454-2809
                                                /s/
                                          _____
                                          KAREN K. RICHARDSON
                                          Senior Counsel
                                          (Tex. Bar No. 785610)
                                          Department of Justice
                                          Civil Division, Room 6126
                                          20 Massachusetts Ave., N.W.
                                          Washington, D.C. 20001
                                          Tel. (Voice): (202) 514-3374
                                          (Fax):    (202) 616-8460