# Exhibit C

Shaffer v. Defense Intelligence Agency, et al.
CV Action No. 06-271 (GK)

# KRIEGER & ZAID, PLLC

1920 N STREET, N.W.
SUITE 300
WASHINGTON, DC 20036

TELEPHONE (202) 223-9050
FACSIMILE (202) 293-4827

MARK S. ZAID, ESQ.
WRITER'S DIRECT DIAL: (202) 454-2809
EMAIL: ZaidMS@aol.com

2 February 2005

VIA FACSIMILE AND E-MAIL

George Peirce
General Counsel
Defense Intelligence Agency
Washington, D.C. 20340-5100

William J. Haynes, II, Esq.
General Counsel
Department of Defense
Washington, D.C. 20301

Tom Taylor
Senior Deputy General Counsel
Department of the Army
104 Army Pentagon
Washington, D.C. 20310-0104

Re: Anthony Shaffer/J.D. Smith

Dear Mr. Peirce:

    We are renewing our request from 30 August 2005, to be granted authorization to receive access to classified information concerning ABLE DANGER and related programs. Our client, DIA civilian employee/Ltc Army Reserve Officer Anthony Shaffer will be testifying in a closed classified session before Subcommittees of the House Armed Services Committee on 15 February 2006. Unlike the situation that was faced with the 20 September Senate hearing, we understand that Ltc Shaffer has been given formal permission by the Government to testify.[1]

    Both Ltc Shaffer and Mr. Smith believe it crucial that Mr. Krieger and I be present at any hearing to offer them legal guidance, as well as assist them in the preparation of their testimony. The controversy surrounding ABLE DANGER has achieved international prestige. Besides Congressional interest, there is, as you know, an ongoing DoD Inspector General investigation

---

[1] Additionally, JD Smith, a former employee of Orion Scientific Systems, a defense contractor, will also be testifying. Our firm also represents Mr. Smith. Although his participation with ABLE DANGER was unclassified, our request for access is also submitted on his behalf so that we may appear to advise him during the same hearing.

that includes review of DIA's handling of Ltc Shaffer's security clearance revocation proceedings. I have been involved and participating throughout the investigation, as well as previously having been granted some level of access to classified information within Ltc Shaffer's personnel/security files. Both Mr. Krieger and myself have also attended unclassified Congressional briefings with Messrs. Shaffer and Smith including before the Senate Select Committee on Intelligence.

Need-to-Know Determination

It is DIA's written policy that its employees are permitted to make the need to know determination. For example, the DIA handbook entitled "Need-to-Know", DAC-2300-001-98 (April 1998), that we were provided through discovery in Stillman v. DoD et al., 209 F.Supp.2d 185 (D.D.C. 2002) makes this unequivocally clear. Mr. Shaffer has determined that Mr. Krieger and I possess the requisite need to know the information that he intends on presenting to the Congress. We know of no regulations or statutes that substitutes an employee's determination role with that of the Office of General Counsel/Security in non-litigation matters. Therefore, the only issue here should be whether either Mr. Krieger or I should be cleared from a security standpoint to receive the information and I ask that you forward this request to the Director, Office of Counterintelligence and Security for its determination.

However, in Mr. Peirce's 16 September 2005, response he focused entirely on the undersigned's citation to DoD Directive 5200.2-R, C3.4.4.6 (January 1987), which as noted refers to matters involving the existence of litigation. The Directive notes that:

> Attorneys representing DoD military, civilian or contractor personnel requiring access to DoD classified information to properly represent their clients, shall normally be investigated by DIS and cleared in accordance with the prescribed procedures in paragraph C3.4.2. This shall be done upon certification of the General Counsel of the DoD Component involved in the litigation that access to specified classified information, on the part of the attorney concerned, is necessary to adequately represent his or her client.

Any person who works in Washington, D.C., particularly as an attorney involved with the Government, should reasonably understand and recognize the necessity and legitimate need for witnesses before Congressional hearings to have counsel by their side, especially in matters that have attracted the controversy as this one has. Clearly our access to specified classified information is "necessary to adequately represent" and protect our clients' interests, especially since they have testified in unclassified settings and their credibility and consistency is at stake. Therefore, we respectfully request that if your agencies believe their respective General Counsel's Offices play a role in this decision that you issue the appropriate certification necessary to allow a formal security determination in our favor.

If necessary, we are prepared to bring this matter before a federal judge through a TRO with respect to this determination.

2 February 2006
Page 3

### Our Record Of Protecting National Security Information

Mr. Krieger and I are routinely provided access to classified information, and have been for many years as a result of our representation of hundreds of employees within the Intelligence Community. While we have certainly had our disputes with various agencies regarding need-to-know and an unwillingness to permit access to certain documentary records, we have never been denied a security clearance based on our failure to protect classified information. Our access continues to date.

Indeed, just this week we signed three additional non-disclosure agreements with the CIA to permit our access to classified information.[2] We are, of course, more than willing to execute the requisite documents that would apply in this matter.

It is our understanding that the hearing on 15 February 2006 will be at the TOP SECRET level. Candidly, Mr. Krieger and I are typically only authorized to receive information classified at the SECRET level. However, for your information, there is a precedent for our having been granted waivers to receive TS/SCI. In that case no background investigation was conducted. We were waived in when the need arose. We were waived out when the need ended. We would respectfully suggest the same course of action under the circumstances is appropriate. We are confident the FBI would confirm how smoothly the process was and how professional we acted to assist them in protecting extremely sensitive information.

Please be advised that I am out of the country starting 3 February 2006, and will return to D.C. on 13 February 2006. I should have e-mail access while away. Given the time sensitivity, we would be most appreciative of a response by Tuesday, 7 February 2006. Mr. Krieger will be available to discuss this matter and he can be reached at (202) 452-4814.

Your consideration of this request is appreciated. If you require additional information from either Mr. Krieger or I, please let us know.

Sincerely,

/s/

Mark S. Zaid

---

[2] Mr. Peirce's analysis of a 1999 district court decision that pertained to my representation in a FOIA matter involving the CIA is irrelevant. For one thing, that case did not involve my access to classified information. Perhaps more importantly, I have repeatedly been granted access to classified information, including by DIA and CIA, with the full knowledge of the events that took place in that lawsuit. Nor did that case in any way involve Mr. Krieger, who Mr. Shaffer is also requesting be granted access in order to attend the Congressional hearing.

cc: Senator Pat Roberts
    Chairman, Select Committee on Intelligence
  Senator Arlen Specter
    Chairman, Committee on the Judiciary
  Congressman Peter Hoekstra
    Chairman, Permanent Select Committee on Intelligence
  Congressman Duncan Hunter
    Chairman, House Armed Services Committee
  Congressman Curt Weldon
    Chairman, Tactical Air and Land Forces Subcommittee,
    House Armed Services Committee
  Congressman Christopher Shays
    Chairman, Subcommittee on National Security, Emerging Threats,
    & International Relations, House Government Reform Committee
  Anthony Shaffer
  J.D. Smith