# Exhibit I

Shaffer v. Defense Intelligence Agency, et al.
Action No. CV06-271 (GK)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY SHAFFER, et al.            )
                                   )
        Plaintiffs,                )
                                   )   Civil Action No. 06-271 (GK)
        v.                         )
                                   )
DEFENSE INTELLIGENCE AGENCY,       )
et al.                             )
                                   )
        Defendants.                )

**DECLARATION OF DONALD HORSTMAN, DIRECTOR FOR
INVESTIGATION OF SENIOR OFFICIALS DIRECTORATE,
OFFICE OF THE INSPECTOR GENERAL
THE DEPARTMENT OF DEFENSE (DoD)**

I, DON HORSTMAN, make the following declaration:

1. I serve as the Director for Investigations of Senior Officials.

2. The mission of the Office of the Inspector General (OIG), DoD as established by Inspector General Act of 1978, 5 U.S.C. Appx § 3 and implemented by DoD Directive 5106.1 "Inspector General of the Department of Defense" (dated Jan. 4, 2001) is to serve as an independent and objective office in the DoD that shall:

   a. Conduct, supervise, monitor, and initiate audits, evaluations, and investigations relating to programs and operations of the Department of Defense.

   b. Provide leadership and recommend policies for activities designed to promote economy, efficiency, and effectiveness in the administration of, and to prevent and detect fraud and abuse in, such programs and operations.

   c. Provide a means for keeping the Secretary of Defense and the Congress fully and currently informed about problems and deficiencies relating to the administration of such programs and operations and the necessity for and progress of corrective action.

1

d. Promote national security by conducting objective and independent audits, investigations and other activities to prevent, detect and rectify problems in DoD programs, operations and to identify opportunities for improving efficiency and effectiveness.

In accomplishing its various functions, the OIG DoD generates, receives, and maintains records related to its investigations, audits, and other activities. Pursuant to the statutory authority, the OIG DoD seeks to "initiate, conduct, and supervise such . . . investigations in the Department of Defense (including the military departments) as the Inspector General considers appropriate" (IG Act §8(c)(2)).

3. A component of the OIG DoD is the Office of the Deputy Inspector General for Investigations (DIG INV). The Directorate for Investigations of Senior Officials is one of four directorates that are supervised by the DIG INV. The mission of the Directorate for Investigations of Senior Officials is to enhance the Inspector General's program for promoting economy and efficiency throughout the DoD by providing a capability to inquire into alleged wrongdoing and mismanagement by high-level DoD officials and other allegations received through the DoD Hotline, Congress, DoD officials, and other sources; to conduct oversight of investigations conducted by the Military Inspectors General, with emphasis on those cases involving senior military and civilian officials, to ensure that appropriate action is taken based on investigative findings, and to analyze trends in order to identify patterns of deficiencies or other weaknesses which may warrant more extensive audit, inspection, or investigative coverage.

4. I have reviewed and am familiar with the amended complaint filed in this action.

5. All information contained herein is based upon information furnished to me in my official capacity and upon my personal review of the records at issue in this litigation

6. I am currently supervising the conduct of an investigation that began in October 2005, in response to several Congressional inquiries concerning Anthony Shaffer. The subject of the OIG investigation is two-fold: (1) to investigate Mr. Shaffer's allegations of reprisal by DIA and (2) to investigate whether government officials acted improperly with respect to information gathered under the ABLE DANGER program.

7. As of the date of this declaration, investigators have conducted more than 70 interviews and retrieved hundreds of documents.

      8. Mr. Shaffer has been interviewed twice by OIG investigators. In both instances, the interviews did not involve discussions about classified information. In both interviews, Mr. Shaffer's counsel, Mark Zaid, was present.

      9. J.D. Smith was interviewed once by OIG investigators. No discussion of classified information occurred. His counsel, Mark Zaid, was present during that interview.

      10. I anticipate that investigations will request a third interview with Mr. Shaffer. Like the previous interviews, the interview will not require discussion of classified information and Mr. Shaffer's attorney will be welcome to attend.

      11. At this time, I do not anticipate any further interviews with J.D. Smith. In the unlikely event that he is interviewed again, the discussion will not involve classified information because Mr. Smith does not have a security clearance or access to classified information relating to ABLE DANGER.

      I hereby declare under penalty of perjury that the foregoing is true and correct.

Donald Horstman
Director
Investigation of Senior Official Directorate

April 4, 2006

3