# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| ANTHONY SHAFFER, et al. )<br><br>Plaintiffs, )<br><br>v. )<br><br>DEFENSE INTELLIGENCE AGENCY, )<br>et al. )<br><br>Defendants. )<br>_____) | Civil Action No. 06-271 (GK)<br><br>(no next-scheduled Court deadline) |

## DEFENDANTS' MOTION
## FOR A STAY OF DISCOVERY

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, defendants respectfully

move for a stay of discovery pending resolution of Defendant's Motion to Dismiss filed April 7,

2006. The grounds for this motion are set forth in the memorandum submitted herewith.

Dated:  April 19, 2006.

Respectfully submitted,


PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director


_____/s/_____
KAREN K. RICHARDSON
Texas Bar #785610

Senior Counsel
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W., Rm 6126
Washington, D.C.  20001
Telephone: (202) 514-3374
Facsimile: (202) 616-8460

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| ANTHONY SHAFFER, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 06-271 (GK) |
| | ) | |
| v. | ) | |
| | ) | |
| DEFENSE INTELLIGENCE AGENCY, et al. | ) | (no next-scheduled Court deadline) |
| | ) | |
| Defendants. | ) | |

_____)

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
## FOR A STAY OF DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(c), defendants respectfully request that this Court stay discovery in this action, pending resolution of Defendants' Motion to Dismiss. Because the pending Motion to Dismiss will, if granted, dispose of plaintiffs' case in its entirety, and because no factual discovery is needed on the questions of law presented in that motion, a temporary stay of discovery until the Motion to Dismiss is resolved would protect the parties against needless expenditure of time, money and resources on the development of plaintiffs' claims. A temporary stay is well within this Court's powers under Fed. R. Civ. P. 26, and it is common for courts to grant stays under these circumstances. Plaintiffs would not be prejudiced in any way by the requested stay.[1]

_____

[1] Pursuant to Local Rule 7.1(m), undersigned counsel conferred with plaintiffs' counsel, Mark Zaid, on April 19, 2006. Mr. Zaid indicated that plaintiffs will oppose this motion.

**BACKGROUND**

Plaintiffs filed this action on February 14, 2006, challenging the defendants' denial of their request that their counsel be cleared for access to classified information for purposes of representing them when they testified at future congressional hearings about ABLE DANGER, a government program that involves both classified and unclassified components. See Complaint filed February 14, 2006. After this Court denied plaintiffs' request for a temporary restraining order, plaintiffs filed an amended complaint on February 27, 2006. See First Amended Complaint filed February 27, 2006. In their amended complaint, plaintiffs specifically assert that if they are compelled to testify at future classified congressional hearings regarding ABLE DANGER, they need their counsel to be present (and privy to classified information) because their testimony before Congress would be "under oath" and "subject to criminal penalty pursuant to statute if false or inconsistent statements are made." Id., ¶ 33. In other words, plaintiffs allege that they need their counsel present to avoid committing perjury. Plaintiffs have never properly served any of the defendants. See Memorandum in Support of Defendants' Motion to Dismiss ("Defs' Mem.") at 3 n. 1 & 15-16 [Docket #13].

Defendants filed a Motion to Dismiss the First Amended Complaint in its entirety on April 7, 2006. Id. In its motion, defendants argue that this Court lacks subject matter jurisdiction over all of plaintiffs' claims, for several reasons. First, plaintiffs' claims are not ripe for adjudication. See Defs' Mem. at 9-13. Plaintiffs' claims are based on the supposition that Congress will hold future hearings about ABLE DANGER, that those hearings will involve classified testimony and that plaintiffs will be compelled to testify at those future hearings. However, as defendants note in their Motion to Dismiss, no future congressional hearing on

ABLE DANGER has been scheduled nor have plaintiffs been compelled to testify at any

hearings. See Defs' Mem. at 10-11 (noting that Congress notifies the Office of Congressional

Affairs within DIA whenever hearings are to be scheduled on an issue relating to ABLE

DANGER and that the Office of Congressional Affairs has not been notified of any future

scheduled hearing). Nor do plaintiffs assert that any future hearings, if scheduled, would involve

classified information. Id. at 11. Until such facts actually come to pass, plaintiffs' claims are

not ripe for adjudication. For similar reasons, plaintiffs can point to no injury in fact that they

have suffered as a result of defendants' alleged actions, and thus lack Article III standing for their

claims. See Defs' Mem. at 13-15. Finally, plaintiffs have failed to properly serve the defendant

agencies, the defendant officers sued in their official capacities, the defendants officers sued in

their individual capacities, the U.S. Attorney's Office and the Attorney General of the United

States as required by the Federal Rules of Civil Procedure. Id. at 15-16.

　　　This Court has granted plaintiffs until May 7, 2006 to file a response to Defendants'

Motion to Dismiss. See Minute Order dated March 17, 2006 [Docket #11]. By this motion,

defendants ask that discovery be stayed until the Court has resolved the threshold question of its

jurisdiction over plaintiffs' claims presented by Defendants' Motion to Dismiss.

## II. ARGUMENT

　　　Federal courts have broad authority pursuant to Fed. R. Civ. P. 26(c) to limit discovery as

necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense," Fed. R. Civ. P. 26(c), an authority the Supreme Court has held "judges

should not hesitate to exercise." Herbert v. Lando, 441 U.S. 153, 177 (1979); see also Chagnon

v. Bell, 642 F.2d 1248, 1266 (D.C. Cir. 1980) (district court should stay discovery where doing

-3-

so would promote "just, speedy and inexpensive determination" of the action (citing Fed. R. Civ. P. 1)).

In accordance with this authority, courts have routinely held it appropriate to stay discovery where a dispositive motion is pending and where, as here, the motion raises purely legal issues to which factual discovery is irrelevant. See Capital Engineering & Mfg. Co., Inc. v. Weinberger, 1988 WL 13272 *1 (D.D.C. Feb. 5, 1988) ("courts have not hesitated to stay discovery as to the merits of an action pending initial consideration of preliminary, and potentially dispositive motions"); Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); Transunion Corp. v. Pepsico, Inc., 811 F.2d 127, 130 (2d Cir. 1987) (stay of discovery was appropriate where discovery was unnecessary to decide motion to dismiss, and would have, if allowed, defeated purpose of motion); Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987) (discovery appropriate only as necessary to resolve factual disputes raised in pending motion to dismiss; all other discovery is properly stayed); Feist v. Jefferson Co. Comm'rs Ct., 778 F.2d 250, 252 (5th Cir. 1985) (district court acted appropriately in staying discovery until it could be determined whether plaintiff stated claim on which relief could be granted); Rae v. Union Bank, 725 F.2d 478, 481 (9th Cir. 1984) (stay of discovery appropriate where discovery was not needed to resolve questions of law raised in motion to dismiss); Florsheim Shoe Co. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984) (where motion to dismiss raised questions of law, discovery was "not necessary or appropriate," and stay of discovery was proper); Sprague v. Brook, 149 F.R.D. 575, 577-78 (N.D. Ill. 1993) (stay of discovery appropriate where motion to dismiss would dispose of case, and discovery would not

-4-

be relevant to questions of law raised in motion, and thus, if allowed, would result only in "cost and inconvenience" and an "undue burden on the time and resources" of parties).

It is appropriate to stay discovery in such circumstances not only to protect the parties against unnecessary burden and expense, but also to ensure that the court does not proceed in cases where it lacks jurisdiction. As the Supreme Court has emphasized, "[w]ithout jurisdiction the court cannot proceed at all in any cause," and "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) (internal citations omitted). Thus, for this reason as well, until a court resolves the threshold question of its own jurisdiction to hear a plaintiff's claim, the defendant "should not be put to the trouble and expense of any further proceeding, and the time of the court should not be occupied with any further proceeding" in the case. United Trans. Serv. Empl. of Am., CIO v. Nat'l Mediation Bd., 179 F.2d 446, 453-54 (D.C. Cir. 1949).

The reasons for granting a stay of discovery in this case are straightforward. Should Defendants' Motion to Dismiss be granted, no discovery will be necessary, and the proposed stay will have spared the parties a needless expenditure of time, money and resources. In addition to protecting the parties from "undue burden and expense," the stay would, in accordance with Steel Company, allow the Court to determine its own jurisdiction over plaintiffs' claims before exercising its Article III power to order further proceedings in this case. Moreover, the discovery plaintiffs seek is not necessary to respond to Defendants' Motion to Dismiss. The Motion to

Dismiss raises questions of law and plaintiffs do not need discovery to respond to that motion.[2]

The proposed stay of discovery that defendants now seek would be temporary and would not result in any prejudice to plaintiffs. Plaintiffs cannot show that they have or will suffer harm if the injunctive and declaratory relief they seek is not granted, see Defs' Mem. at 10-15, much less that they need discovery for expedited resolution of their claims. A full two months have passed since plaintiffs' filed their initial complaint and Congress still has not scheduled additional hearings on ABLE DANGER and there is no reason to believe that future hearings are inevitable or even likely. Id. at 11 n. 5. Nor have plaintiffs established why it would be necessary for their attorneys to be given access to classified information in the unlikely event that future hearings are scheduled. Plaintiffs do not even assert that future hearings, if any, will require classified testimony or that they will be subpoenaed to testify. Indeed, plaintiff Smith's involvement with the government program was on unclassified aspects of ABLE DANGER, so it is difficult to conceive why his counsel needs access to classified information to represent him.

---

[2] All of the discovery requested by plaintiffs would appear to go to the merits of plaintiffs' claims. Indeed, a considerable portion of the discovery sought is not even remotely relevant to the claims raised in the case. For example, many of the requests for admissions and interrogatories that plaintiffs served on defendants relate to plaintiffs' counsel purported prior access to classified information in their representation of other clients, a factor that is wholly irrelevant to whether plaintiffs' counsel have a need to know the particular classified information to which they now seek access. See In Re United States, 1 F.3d 1251, 1993 WL 262658 * 6 (Fed. Cir. 1993) (court reversed trial court's order requiring a private counsel who had a security clearance be given access to classified information, explaining that the fact that the attorneys have been granted access to certain classified information "cannot mean that they thereby are also granted access to *other* special access programs. The system of special access programs specifically contemplates that no matter how trustworthy an individual, he may not have access to a particular program except if specifically granted it by the [agency] pursuant to the criteria of [the Executive Order governing classified information]"); see also Plaintiffs' First Request for Production of Documents (attached Exhibit A); Plaintiffs' First Set of Requests for Admissions (Exhibit B); Plaintiffs' First Set of Interrogatories (Exhibit C).

Id. at 11-12.

As a final matter, the discovery plaintiffs seek is irrelevant and overly burdensome. At the status conference held on March 17, 2006, this Court questioned plaintiffs' counsel about what information plaintiffs were seeking in discovery. Plaintiffs' counsel represented to the Court that their proposed discovery would be very limited. However, plaintiffs served defendants with discovery requests that far exceed the representations made by plaintiffs' counsel at the March 17, 2006 conference. Instead of serving limited discovery requests, plaintiffs served defendants with 23 interrogatories, 21 requests for admissions, and 12 requests for production of documents, all of which have to be answered by the three defendant agencies. For example, plaintiffs' Document Request No. 8 seeks "[a]ny and all documents pertaining to providing Congress access to classified information as part of the congressional oversight of DoD, DIA or the Army." See Plaintiffs' First Set of Requests for Production of Documents, Request 8, Exhibit A. Responding to that request would, if allowed by the Court, require all three agencies to gather all emails and other documents (potentially years old) that relate to every Congressional oversight hearing or conference ever held that involved disclosure of classified information. Not only is such a request irrelevant to whether plaintiffs' counsel have a need to know classified information relating to ABLE DANGER, it is irrelevant to the issues raised in Defendants' motion to Dismiss. It is also unduly burdensome. Most of plaintiffs' other discovery requests are equally irrelevant and burdensome. Rule 26 of the Federal Rules of Civil Procedure makes clear that a party may obtain discovery only as to "any matter, not privileged, that is *relevant* to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1) (emphasis added); see also United States v. Network Software Assocs., 227 F.R.D. 4, 9 (D.D.C. 2005) ("a

party is only entitled to additional discovery if the information sought is relevant to the claims or defenses asserted in the case"). Accordingly, a stay of discovery in this case is particularly warranted here because much of the discovery plaintiffs' seek in irrelevant not only to Defendants' Motion to Dismiss, but to plaintiffs' own claims. Indeed, even if this case were to proceed beyond a resolution of Defendants' Motion to Dismiss, there is no indication that the discovery sought by plaintiffs would even be appropriate at a later point in time. Plaintiffs' First Amendment and APA claims raise purely legal questions, the resolution of which do not require factual development.

Given the magnitude of the discovery plaintiffs seek and the fact that none of the defendants have been properly served, it is appropriate for this Court to grant a stay of discovery to protect the parties from "undue burden and expense," when the case can likely be resolved on jurisdictional grounds. In short, the proposed stay would in every way further the "just, speedy and inexpensive" resolution of this case. Chagnon, 642 F.2d at 1266.

**III. CONCLUSION**

For all of the reasons given above, this Court should stay all discovery in this action pending resolution of Defendant's Motion to Dismiss.[3]

DATED this 19th day of April, 2006.

Respectfully submitted,

---

[3] In the event that this Court denies defendants' motion for a stay, the defendants are requesting, by separate motion, an extension of time to respond and/or raise their objections to plaintiffs' discovery requests. By that separate motion, defendants are seeking an extension of time to respond to discovery until 15 days after the court denies, if at all, defendants' motion for a stay or defendants' motion to dismiss.

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director


_____/s/_____
KAREN K. RICHARDSON
Texas Bar #785610
Senior Counsel
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W., Rm 6126
Washington, D.C.  20001
Telephone: (202) 514-3374
Facsimile: (202) 616-8460

-9-