# EXHIBIT A

## TO DEFENDANTS' MOTION FOR A STAY OF DISCOVERY

SHAFFER V. DIA, Civ. Act. No. 06-271(GK)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY SHAFFER et al. | * |
| Plaintiffs, | * |
| v. | * Civil Action No. 06-271 (GK) |
| DEFENSE INTELLIGENCE AGENCY et al. | * |
| Defendants. | * |

**PLAINTIFFS' FIRST REQUEST UPON DEFENDANTS' FOR PRODUCTION OF DOCUMENTS**

Plaintiffs Anthony Shaffer and J.D. Smith, pursuant to Rule 34 of the Federal Rules of Civil Procedure, request defendants' Defense Intelligence Agency, Department of Defense and Department of the Army (collectively referred to as "defendants") to file within thirty (30) days a written response to each request listed herein in the document schedule and to produce these documents for inspection and copying at the Law Offices of Krieger & Zaid, P.L.L.C., 1920 N Street, N.W., Suite 300, Washington, D.C. 20036.

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the following terms shall have the meanings indicated below.

The pronoun "you" shall mean and refer to the party to whom these requests are addressed, and any and all agents, representatives, employees, and attorneys of the party to whom these requests are addressed and any businesses partially or fully owned or operated.

The term "person" shall mean and refer to any individual, partnership, joint stock company, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any court, or any other governmental entity.

The term "document" or "documents" shall mean the same as the words "writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence which provides:

> "'Writings' and 'recordings' consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, Photostatting, photographing, magnetic impulse. mechanical or electronic recording, or other form of data compilation."

"Documents" therefore includes, but is not limited to, any and all sound recordings, tape recordings, video or film recordings, electronic mail ("e-mail"), photographs, notes, note-books, indexes, memoranda, jottings, message slips, letters, telexes, telegrams, facsimile transmissions, statements, policies, manuals or binders, books, handbooks, business records, personnel records, ledgers, notices, warnings, affidavits, declarations under penalty of perjury, unsworn statements, reports, diaries or calendars, regardless of whether they are hand-written, printed, typed, mechanically or electronically recorded or reproduced on any medium capable of conveying an image, such as paper, computer discs or diskettes.

The term "document" or "documents" means the originals, or if the originals are no available, copies of the originals and all drafts and altered copies of the originals, of all notations, writings, and recordings, whether handwritten or mechanically made including, but not limited to, correspondence, communications, memoranda, records, files, summaries, agendas, minutes of meetings, telephone messages, notices, diaries, advertisements, books, articles, videotapes, financial statements, loan applications, calendars, microfilm, microfiche, and all data and information that is recorded and retained or can be read, played or displayed by computer or by any other mechanical or electrical device.

The terms "and" and "or" should be read conjunctively to bring within the scope of these requests any documents which might otherwise be outside its scope.

The term "communications" mean communications made by any means, including, but not limited to, written and oral communications.

The term "statement" means a statement made by any means, including, but not limited to, written and oral statements.

The term "defendants" refers to the Defense Intelligence Agency, the Department of Defense and Department of the Army.

The term "DIA" refers to the Defense Intelligence Agency.

The term "DoD" refers to the Department of the Defense.

The term "Army" refers to the Department of the Army.

The term "Zaid" refers to Mark Steven Zaid.

The term "Krieger" refers to Roy W. Krieger.

"Relating to" or "pertaining to" means having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, comprising, constituting, or otherwise establishing any reasonable, logical or causal connection.

If any document requested herein is withheld under a claim of privilege, for each such document withheld provide: (a) a description of the document, i.e., whether it is a letter, memorandum, report, etc.; (b) the name(s) of the author(s); (c) the name(s) of the addressee(s) and all recipients; (d) a brief description of the subject of the document; and (e) the privilege upon which you are relying on in withholding the document and a statement as to the reason why you contend that privilege is applicable to the particular document.

## DOCUMENT SCHEDULE

DOCUMENT REQUEST NO. 1.

Any and all documents including, but not limited to, regulations, statutes, guidance or policies that are currently in effect and govern the defendants' process for granting or authorizing private, non-governmental attorneys access to classified information.

DOCUMENT REQUEST NO. 2.

Any and all documents including, but not limited to, regulations, statutes, guidance or policies that describe or identify the defendants' procedures or guidelines for determining an individual's "need to know" as that term pertains to access to classified information.

DOCUMENT REQUEST NO. 3.

All documents pertaining to Mr. Zaid including, but not limited to, those regarding the processing or granting of his access to classified information.

DOCUMENT REQUEST NO. 4.

Any and all documents pertaining to Mr. Zaid's request for access to classified information in order to represent Anthony Shaffer and/or J.D. Smith.

DOCUMENT REQUEST NO. 5.

Any and all documents pertaining to Mr. Krieger.

DOCUMENT REQUEST NO. 6.

Any and all documents pertaining to Mr. Krieger's request for access to classified information in order to represent Anthony Shaffer and/or J.D. Smith.

DOCUMENT REQUEST NO. 7.

Any and all documents pertaining to the classification status of documents pertaining to Able Danger, Anthony Shaffer or J.D Smith.

DOCUMENT REQUEST NO. 8.

Any and all documents pertaining to providing Congress access to classified information as part of the congressional oversight of DoD, DIA or the Army.

DOCUMENT REQUEST NO. 9.

Any and all documents including, but not limited to, regulations, statutes, guidance or policies that were in effect during the period 1993 up through, but not including, the current versions that govern the defendants' process for granting or authorizing private, non-governmental attorneys access to classified information.

DOCUMENT REQUEST NO. 10.

Any and all copies of the defendants' General Counsel certifications granting or denying Mr. Zaid access to classified information.

DOCUMENT REQUEST NO. 11.

Any and all documents that elaborate, explain or discuss DoD Directive 5200.2-R, C3.4.4.6 (January 1987) or 32 C.F.R. § 154.16.

DOCUMENT REQUEST NO. 12.

Any and all documents that define the language "properly represent their clients" or "necessary to adequately represent his or her client" as that language is used in either DoD Directive 5200.2-R, C3.4.4.6 (January 1987) or 32 C.F.R. § 154.16.

Date:  March 21, 2006

Respectfully submitted,

_____
Mark S. Zaid, Esq.
DC Bar #440532
Krieger & Zaid, PLLC
1920 N St., N.W.
Suite 300
Washington, D.C. 20006
(202) 454-2809

## CERTIFICATE OF SERVICE

I certify that on this 21st day of March 2006, I caused the foregoing to be served on the following by electronic mail and first-class mail, postage pre-paid to:

> Karen Richardson
> Federal Programs Branch
> Department of Justice
> Civil Division, Room 6126
> 20 Massachusetts Ave., N.W.
> Washington, D.C. 20001
>
> *Counsel For Defendants*

_____
Mark S. Zaid, Esq.