# EXHIBIT B

## TO DEFENDANTS' MOTION FOR A STAY OF DISCOVERY

SHAFFER V. DIA, Civ. Act. No. 06-271(GK)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY SHAFFER et al. | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * Civil Action No. 06-271 (GK) |
| | * |
| DEFENSE INTELLIGENCE AGENCY et al. | * |
| | * |
| Defendants. | * |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS BY DEFENDANTS

Plaintiffs Anthony Shaffer and J.D. Smith, pursuant to Federal Rules of Civil Procedure Rule 36, requests defendants Defense Intelligence Agency, Department of Defense and Department of the Army to provide within thirty (30) days a written response admitting or denying the statements listed below.

### DEFINITIONS AND INSTRUCTIONS

A matter is deemed admitted should the defendant fail to respond or indicate an objection. If an objection is made, the reasons therefor shall be stated. The answer shall specifically admit or deny the matter or set forth in detail the reasons why the defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that the defendant qualify an answer or deny only a part of the matter of which an admission is requested, the defendant shall specify so much of it as is true and qualify or deny the remainder. The defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless the defendant states that she has made reasonable inquiry and that the information known or readily obtainable by the defendant is insufficient to enable the defendant to admit or deny. The defendant may not object to a request solely on the ground that the matter presents a genuine issue for trial.

As used herein, the following terms shall have the meanings indicated below.

The pronoun "you" shall mean and refer to the party to whom these requests are addressed, and any and all agents, representatives, employees, and attorneys of the party to whom these requests are addressed.

The term "defendants" refers to the Defense Intelligence Agency, the Department of Defense and Department of the Army.

The term "DIA" refers to the Defense Intelligence Agency.

The term "DoD" refers to the Department of the Defense.

The term "Army" refers to the Department of the Army.

The term "Zaid" refers to Mark Steven Zaid.

The term "Krieger" refers to Roy W. Krieger.

Whenever appropriate in these requests, the singular word shall also be interpreted as its plural.

## REQUESTS FOR ADMISSION

### REQUEST NO. 1.

That need to know determinations are made daily and without management approval by many of the more than 2 million authorized holders of a security clearance.

### REQUEST NO. 2.

That Mr. Zaid has previously been granted authorized access to classified information during his representation of DIA employees.

### REQUEST NO. 3.

That, in or around 1996-1997, DIA had Mr. Zaid fill out a SF-86 in order to process him for access to classified information.

**REQUEST NO. 4.**

That, in or around 1996-1997, DIA had Mr. Zaid undergo a security interview in order to process him for access to classified information.

**REQUEST NO. 5.**

That, in or around 1996-1997, DIA determined Mr. Zaid was trustworthy to receive authorized access to classified information during his representation of DIA employees.

**REQUEST NO. 6.**

That DIA granted Mr. Zaid authorized access to classified information subsequent to becoming aware of the Honorable Royce C. Lamberth's decision in *Assassination Archives & Research Center v. CIA*, 48 F.Supp.2d 1 (D.D.C. 1999).

**REQUEST NO. 7.**

That George Peirce, upon assuming the position of DIA General Counsel, modified the internal process by which DIA determines private attorneys are authorized to receive access to classified information during representation of DIA employees.

**REQUEST NO. 8.**

That private attorneys such as Messrs. Zaid and Krieger have no appeal rights when denied access to classified information by the defendants.

**REQUEST NO. 9.**

That Mr. Zaid is required to list on any SF-86s he fills out that the DIA denied him access to classified information.

**REQUEST NO. 10.**

That DoD Directive 5200.2-R, C3.4.4.6 (January 1987) applies to granting private counsel authorized access to classified information only when litigation is involved.

**REQUEST NO. 11.**

That Messrs. Zaid and Krieger's representation of Anthony Shaffer or J.D. Smith has not involved litigation, other than this specific lawsuit.

**REQUEST NO. 12.**

That prior to September 1, 2005, no DIA General Counsel participated in the decision-making process to authorize Mr. Zaid's access to classified information during his representation of DIA employees.

**REQUEST NO. 13.**

That DIA is a defendant in Stillman v. DoD et al., Civil Action No. 01-01342 (D.D.C.)(EGS).

**REQUEST NO. 14.**

That in 2002 the U.S. Government conducted a background investigation of Mr. Zaid as part of Stillman v. DoD for access to classified information.

**REQUEST NO. 15.**

That as part of the 2002 background investigation the U.S. Government included in its investigation the events that led to the Honorable Royce C. Lamberth's decision in *Assassination Archives & Research Center v. CIA*, 48 F.Supp.2d 1 (D.D.C. 1999).

**REQUEST NO. 16.**

That the 2002 background investigation of Mr. Zaid by the U.S. Government found him to be trustworthy.

**REQUEST NO. 17.**

That Mr. Zaid has previously been granted authorized access to classified information during his representation of DIA employees in non-litigation matters.

**REQUEST NO. 18.**

That Mr. Zaid has previously been granted authorized access to classified information during his representation of DIA employees without a certification being issued by the DIA General Counsel.

**REQUEST NO. 19.**

That 32 C.F.R. § 154.16 applies to granting private counsel authorized access to classified information only when litigation is involved.

**REQUEST NO. 20.**

That private attorneys such as Messrs. Zaid and Krieger have no appeal rights when denied access to classified information by the defendants pursuant to 32 C.F.R. § 154.16.

**REQUEST NO. 21.**

That private attorneys such as Messrs. Zaid and Krieger have no appeal rights when denied access to classified information by the defendants pursuant to DoD Directive 5200.2-R, C3.4.4.6 (January 1987).

Date:   March 21, 2006

Respectfully submitted,

_____
Mark S. Zaid, Esq.
DC Bar #440532
Krieger & Zaid, PLLC
1920 N St., N.W.
Suite 300
Washington, D.C. 20006
(202) 454-2809

## CERTIFICATE OF SERVICE

I certify that on this 21st day of March 2006, I caused the foregoing to be served on the following by electronic mail and first-class mail, postage pre-paid to:

> Karen Richardson
> Federal Programs Branch
> Department of Justice
> Civil Division, Room 6126
> 20 Massachusetts Ave., N.W.
> Washington, D.C. 20001
>
> *Counsel For Defendants*
>
> _____
> Mark S. Zaid, Esq.