# EXHIBIT C

## TO DEFENDANTS' MOTION FOR A STAY OF DISCOVERY

<u>SHAFFER V. DIA</u>, Civ. Act. No. 06-271(GK)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY SHAFFER et al. | * |
| Plaintiffs, | * |
| v. | * Civil Action No. 06-271 (GK) |
| DEFENSE INTELLIGENCE AGENCY et al. | * |
| Defendants. | * |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES UPON DEFENDANTS

COMES NOW plaintiffs Anthony Shaffer and J.D. Smith to propound the following interrogatories pursuant to Rules 33 and 64 of the Federal Rules of Civil Procedure. Defendants Defense Intelligence Agency, Department of Defense and Department of the Army are required to answer these interrogatories in writing and under oath, and to serve a copy of the sworn responses upon the plaintiffs' counsel at 1920 N Street, N.W., Suite 300, Washington, D.C. 20036, within thirty (30) days after their service upon the defendants.

### DEFINITIONS AND INSTRUCTIONS

A. The pronoun "you" shall mean and refer to the party to whom these requests are addressed, and any and all agents, representatives, employees, and attorneys of the party to whom these requests are addressed.

B. The term "communications" mean communications made by any means, including, but not limited to, written and oral communications.

C. The term "aware" refers to having first-hand knowledge or personal knowledge.

D. Whenever appropriate in these requests, the singular word shall also be interpreted as its plural.

E. The term "writing" or "writings" refers to all records of any kind which are set forth in written form including, but not limited, to notes, letters, memoranda, jottings, message slips, reports, diaries, calendars, regardless of whether they are hand-written, printed, typed, mechanically or electronically recorded or reproduced on any medium capable of conveying an image, such as paper, computer discs or diskettes.

F. The term "describe," when used in reference to an object means to set forth the type, physical description and estimated value. The term "describe," when used in reference to a communication (oral, written and/or in-person), means to set forth the date and place of the communication, the identity of all persons present during the communication, and the substance of the communication. The term "describe," when used in reference to an event or occurrence, means to set forth the date and place of the event or occurrence, the identity of all persons present during the event or occurrence, and the precise nature of that event or occurrence.

G. The term "document(s)" shall mean the same as the words "writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence which provides:

> "'Writings' and 'recordings' consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, Photostatting, photographing, magnetic impulse. mechanical or electronic recording, or other form of data compilation."

"Documents" therefore includes, but is not limited to, any and all sound recordings, tape recordings, video or film recordings, electronic mail ("e-mail"), photographs, notes, note-books, memoranda, jottings, message slips, letters, telexes, telegrams, facsimile transmissions, statements, policies, manuals or binders, books, handbooks, business records, personnel records, ledgers, notices, warnings, affidavits, declarations under penalty of perjury, unsworn statements, reports, diaries or calendars, regardless of whether they are hand-written, printed, typed, mechanically or electronically recorded or reproduced on any medium capable of conveying an image, such as paper, computer discs or diskettes.

2

H. The term "identify," when used in reference to a person means to set forth the following information:

   a. The person's full name;
   b. The person's full title and position at the time of the events in question;
   c. The person's full present title and position;
   d. The person's current or last known business address(es), telephone number(s), employer, and area of responsibility.

I. The term "identify," when used in reference to an entity that is not an individual, means to set forth the entity's full name, current or last known address(es) and telephone number(s).

J. The term "identify," when used in reference to an object means to set forth the type, physical description and estimated value.

K. The term "identify," when used in reference to a document or communication means to set forth the following information:

   a. The date of the document or communication;
   b. A description of the type of document;
   c. A summary of the document's contents or the substance of the communication;
   d. The place of the communication;
   e. The identity of all persons present during the communication;
   f. The present location of the original and all existing copies of the document;
   g. A list of all intended recipients of the document, including, but not limited to, all addressees and all persons who were supposed to receive a copy of the document (i.e., through "cc" or "bcc").

L. The term "identify," when used in reference to an event or occurrence, means to set forth the following information:

   a. The date and place of the event or occurrence;
   b. The identity of all persons present during the event or occurrence;
   c. The precise nature of that event or occurrence.

M. "Relating to" or "pertaining to" means having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, comprising, constituting, or otherwise establishing any reasonable, logical or causal connection.

3

N. The term "DIA" refers to the Defense Intelligence Agency and any of its employees who interacted with the specified plaintiffs or their counsel.

O. The term "DAC-1" refers to the DIA's Chief, Counterintelligence Division and all individuals employed under that position and in that Division.

P. The term "DAC-2" refers to the DIA's Chief, Security Division and all individuals employed under that position and in that Division.

Q. The term "DAC-3" refers to DIA's Central Clearance Facility Division and all individuals employed in that Division.

R. The term "DoD" refers to the Department of Defense and any of its employees who interacted with the specified plaintiffs or their counsel.

S. The term "Army" refers to the Department of the Army and any of its employees who interacted with the specified plaintiffs or their counsel.

T. The term "General Counsel" refers to the General Counsel as well as anyone acting in that position.

U. If your answer is qualified in any particular way, please set forth the exact nature and extent of the qualification.

V. If you assert a privilege in response to any of the following interrogatories, state the nature of the privilege(s) asserted, specify the ground(s) therefore, and provide all information responsive to the interrogatory that does not fall within your claim of privilege. If an objection, other than a claim of privilege, is made to part of any interrogatory, specify the part.

**INTERROGATORIES**

INTERROGATORY REQUEST NO. 1.

Does DIA concede that Mr. Zaid has previously been granted authorized access to classified information during his representation of DIA employees?

INTERROGATORY REQUEST NO. 2.

Does DIA concede that it granted Mr. Zaid authorized access to classified information subsequent to becoming aware of Honorable Royce C. Lamberth's decision in *Assassination Archives & Research Center v. CIA*, 48 F.Supp.2d 1 (D.D.C. 1999)?

INTERROGATORY REQUEST NO. 3.

Under what lawful authority did DIA grant Mr. Zaid authorized access to classified information in his representation of DIA employees prior to September 1, 2005?

INTERROGATORY REQUEST NO. 4.

To what extent, if any, did DIA's General Counsel participate in the decision-making process to grant Mr. Zaid authorized access to classified information in his representation of DIA employees prior to defendant George Peirce assuming the position of General Counsel"

INTERROGATORY REQUEST NO. 5.

Describe the current process by which the defendants determine private attorneys are authorized to receive access to classified information.

INTERROGATORY REQUEST NO. 6.

Before defendant George Peirce assumed the position of DIA General Counsel, what was the process by which DIA determined private attorneys such as Messrs. Zaid and Krieger are authorized to receive access to classified information?

INTERROGATORY REQUEST NO. 7.

Explain why DIA had Mr. Zaid previously fill out a SF-86 and administered him a security interview.

5

INTERROGATORY REQUEST NO. 8.

Explain the basis for the decision to deny Mr. Zaid access to classified information relating to his representation of Anthony Shaffer and/or J.D. Smith.

INTERROGATORY REQUEST NO. 9.

Identify the classification status of information pertaining to Able Danger.

INTERROGATORY REQUEST NO. 10.

Identify the classification status of the written testimony drafted by Anthony Shaffer and provided to Subcommittees of the House of Representatives Armed Services' Committee as part of the hearing held on or about February 15, 2006.

INTERROGATORY REQUEST NO. 11.

Identify the classification status of the verbal testimony delivered by Anthony Shaffer before Subcommittees of the House of Representatives Armed Services' Committee as part of the hearing held on or about February 15, 2006.

INTERROGATORY REQUEST NO. 12.

Describe the appeal rights, if any, that private attorneys such as Messrs. Zaid and Krieger are afforded when denied access to classified information?

INTERROGATORY REQUEST NO. 13.

Is Mr. Zaid required to list on a SF-86 that the DIA denied him access to classified information?

INTERROGATORY REQUEST NO. 14.

Describe whether authorized holders of classified information possess authority to render need to know decisions in order to disclose classified information.

INTERROGATORY REQUEST NO. 15.

Identify all individuals who participated in the decision to deny Mr. Zaid access to classified information as part of his representation of Anthony Shaffer and/or J.D. Smith.

INTERROGATORY REQUEST NO. 16.

Describe the role, if any, that DIA's DAC-1, DAC-2 or DAC-3 played in the decision to deny Mr. Zaid access to classified information as part of his representation of Anthony Shaffer and/or J.D Smith.

INTERROGATORY REQUEST NO. 17.

Identify the number of instances during the past 10 years where DIA granted private counsel authorized access to classified information in order to represent a client.

INTERROGATORY REQUEST NO. 18.

Identify the number of instances during the past 10 years that DIA has denied private counsel access to classified DIA information during representation of a client.

INTERROGATORY REQUEST NO. 19.

If the defendants contend that an employee who holds a security clearance does not have the right to make a need to know determination whether to disclose classified information to his or her private counsel who also is permitted authorized access to classified information, explain the basis for that contention.

INTERROGATORY REQUEST NO. 20.

Identify all individuals who participated in the preparation of the defendants' answers to these Interrogatories.

INTERROGATORY REQUEST NO. 21.

Identify any and all factors that are utilized to determine those circumstances where a private attorney is authorized to receive classified information to "properly represent their clients" or when "necessary to adequately represent his or her client" as that language is used in either DoD Directive 5200.2-R, C3.4.4.6 (January 1987) or 32 C.F.R. § 154.16.

INTERROGATORY REQUEST NO. 22.

Describe those, or any, circumstances the defendants believe justify providing private counsel with authorized access to classified information during representation of their employees in non-litigation matters.

INTERROGATORY REQUEST NO. 23.

Does DIA concede that Mr. Zaid has previously been granted authorized access to classified information during his representation of DIA employees in non-litigation matters?

Date:   March 21, 2006

Respectfully submitted,

_____
Mark S. Zaid, Esq.
DC Bar #440532
Krieger & Zaid, PLLC
1920 N St., N.W.
Suite 300
Washington, D.C. 20006
(202) 454-2809

8

## CERTIFICATE OF SERVICE

I certify that on this 21st day of March 2006, I caused the foregoing to be served on the following by electronic mail and first-class mail, postage pre-paid to:

>Karen Richardson
>Federal Programs Branch
>Department of Justice
>Civil Division, Room 6126
>20 Massachusetts Ave., N.W.
>Washington, D.C. 20001

*Counsel For Defendants*

_____
Mark S. Zaid, Esq.