**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY SHAFFER et al. | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Civil Action No. 06-271 (GK) |
| | * |
| DEFENSE INTELLIGENCE AGENCY et al. | * |
| | * |
| | * |
| Defendants. | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**DECLARATION OF MARK S. ZAID, ESQ.**

The undersigned hereby declares as follows:

1. I am a person over eighteen (18) years of age and competent to testify. I make this Declaration on personal knowledge. This Declaration is submitted in support of the plaintiffs' Opposition to the Defendants' Motion to Dismiss.

2. I am the attorney for the plaintiffs in this matter and I am a partner in the Washington, D.C. law firm of Krieger & Zaid, PLLC. I am admitted to practice law in the States of New York, Connecticut and the District of Columbia, as well as the D.C. Circuit, Second Circuit and Fourth Circuit Court of Appeals, and the United States District Courts for the District of Columbia, Maryland, Eastern District of New York, Northern District of New York and the Southern District of New York. I have been litigating cases involving the federal government for more than a decade. I routinely prosecute lawsuits asserting challenges under the Freedom of Information Act, 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, and actively represent individuals associated with or within the intelligence, law enforcement or military communities. Since 1998, I have also served as the Executive Director of The James Madison Project (*www.jamesmadisonproject.org*), which seeks to educate the public on secrecy and national security issues.

3. I have been representing the plaintiffs in this matter for many months. The representation deals with a controversial Defense Department program code-named ABLE DANGER which has garnered significant media attention across the globe.

Service Of Process

4. Each of the federal defendants, to include the individuals acting in their professional capacity, has been formally served with the Summons and First Amended Complaint via certified mail, return receipt.

5. The documents were received by U.S. Attorney's Office for the District of Columbia and the DIA on May 1, 2006, the Department of Defense on May 5, 2006, and the Attorney General on May 8, 2006. Exhibit "A".

6. The two individual defendants, George Peirce and Robert Berry, have not yet been formally served. However, on May 12, 2006, both defendants were mailed a copy of the First Amendment Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure with a formal request, utilizing a local form from the U.S. District Court for the District of Columbia, for a waiver of the service of summons. The defendants will have thirty days from receipt of these documents in which to return the waiver. Should they refuse to do so the plaintiffs will take the appropriate steps to require the two defendants to bear the costs for such service unless good cause can be shown for their failure to sign and return the waiver.

Representation Of Shaffer And Attorney Access To Classified Information

7. In or around April 2004, DIA informed Shaffer he was being placed on administrative leave and that his security was facing revocation. He was formally served in or around June 2004 of a Notice to Revoke his security clearance. The allegations included offenses of a potential criminal nature. Indeed, in association with some of the allegations, Shaffer was appointed a military criminal defense attorney.

8. I was retained by Shaffer in or around April 2005 to substantively respond to the DIA allegations. As was customary at the time, I was provided access to classified

information. In or around late April 2005, Shaffer submitted a sworn declaration attesting to the facts as he knew them to be. In order to provide this Court with a sense of the allegations, a copy of this document is attached at Exhibit "2". We met with DIA for a personal appearance in June 2005. Additional documents supporting the reinstatement of Shaffer's clearance were also submitted. ABLE DANGER played a substantive, though small at the time, role in these initial clearance proceedings. Up to this point Shaffer had not yet gone public with his knowledge of ABLE DANGER.

9. Everything changed when the news of ABLE DANGER became publicly known in August 2005. The defendants' retaliation and vendetta increased in intensity. Just days before Shaffer was to testify before the Senate Judiciary Committee, DIA revoked his clearance. Upon information and belief, this was a deliberate action undertaken by the defendants to attempt to further discredit Shaffer's credibility and directly tied to ABLE DANGER. An appeal was filed and in lightening speed, far quicker than I had seen in any prior DIA case in a decade, Shaffer's appeal was summarily denied. Had I had access to the alleged classified information regarding Shaffer's role in ABLE DANGER, it seems clear that a far more substantive appeal could have been submitted to DIA for consideration.

10. Additionally, for the first time I have ever witnessed, DIA moved to suspend Shaffer without pay pending termination, the proposed action for which was to be initiated shortly. Fortunately, congressional intervention persuaded DoD to halt all DIA personnel actions against Shaffer until the conclusion of a still pending DoD Office of Inspector General ("DoD OIG") Investigation.

11. It is Shaffer's belief that the defendants violated various statutes and regulations, as well as violated his constitutional rights due to his actions involving ABLE DANGER. Notwithstanding the forthcoming conclusions by the DoD OIG, whatever they might be, Shaffer may very well pursue judicial remedies to prevent DIA from terminating his employment, specifically challenging the revocation of his security clearance. In order to

3

do so, I obviously requires knowledge of the allegedly classified role Shaffer played with ABLE DANGER or otherwise it is not possible to effectively advise Shaffer on his legal rights or chances for success. While the question as to whether Shaffer is entitled to share classified information with me is not yet before this Court, it seems clear that he is presently facing factual circumstances that justify such sharing.

    I do solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge.

Date: May 12, 2006

/s/
_____
Mark S. Zaid, Esq.
Attorney for Plaintiffs