# KRIEGER & ZAID, PLLC

1920 N STREET, N.W.
SUITE 300
WASHINGTON, DC 20036
———

TELEPHONE (202) 223-9050
FACSIMILE (202) 293-4827

MARK S. ZAID, ESQ.
WRITER'S DIRECT DIAL: (202) 454-2809
EMAIL: ZaidMS@aol.com

30 August 2005

<u>VIA FACSIMILE AND MAIL</u>

William J. Haynes, II, Esq.
General Counsel
Department of Defense
Washington, D.C. 20301

George Peirce
General Counsel
Defense Intelligence Agency
Washington, D.C. 20340-5100

Tom Taylor
Senior Deputy General Counsel
Department of the Army
104 Army Pentagon
Washington, D.C. 20310-0104

Re: ABLE DANGER

Gentlemen:

    My firm represents Anthony Shaffer, an employee of the Defense Intelligence Agency ("DIA"), who previously served as the liaison between the DIA and Special Operations Command ("SOCOM") on the ABLE DANGER project. Additionally, we also represent Dr. Eileen Priesser, a former Air Force officer, who also directly worked on ABLE DANGER activities.

    I am writing to respectively request that the Department of Defense, the Defense Intelligence Agency and/or the Department of the Army, expressly authorize the undersigned and my law partner, Roy W. Krieger, to receive classified information from our clients pertaining to their activities involving ABLE DANGER. Both Mr. Krieger and I routinely have access to classified information from the Central Intelligence Agency, and I am frequently granted access to DIA classified information based on my representation of DIA employees such as, and including, Mr. Shaffer. While the granting of our access as legal representatives does not normally require the completion of a background investigation, I was the subject of a SSBI as a result of the district

court decision in <u>Stillman v. DoD et al.</u>, 209 F. Supp. 2d 185 (D.D.C. 2002). Additionally, both Mr. Krieger and I have also been waived into TS/SCI compartments on selected cases.

   Each of the respective agencies identified above has the explicit authority to approve our access as we clearly possess the requisite "need-to-know" and are performing or assisting in a lawful and authorized governmental function. <u>See</u> DoD Directive 5200.1-R, Appendix B3(45). Mr. Shaffer and Dr. Priesser have been requested by several Congressional Committees with oversight jurisdiction to either provide information to staff members or possibly serve as witnesses with respect to their knowledge of ABLE DANGER and associated activities. In order for us to adequately and fully represent and protect their interests we must be in possession of all known relevant facts. Without our access our presence at any classified meetings will be precluded and our clients have made it clear that they will not cooperate without legal representation. Therefore, denying our request for access will effectively and deliberately interfere with the lawful oversight responsibilities of these Congressional Committees.

   In addition to the above referenced Directive involving "need to know", DoD Directive 5200.2-R, C3.4.4.6 (January 1987), also explicitly condones the granting of our access to the classified information in question. The Directive notes that:

> Attorneys representing DoD military, civilian or contractor personnel requiring access to DoD classified information to properly represent their clients, shall normally be investigated by DIS and cleared in accordance with the prescribed procedures in paragraph C3.4.2. This shall be done upon certification of the General Counsel of the DoD Component involved in the litigation that access to specified classified information, on the part of the attorney concerned, is necessary to adequately represent his or her client.

   This provision would appear to clearly indicate that access is appropriate when the attorney's need for classified information is to properly or adequately represent his or her client. The circumstances surrounding ABLE DANGER, and in particular the current and growing media and Congressional scrutiny, not to mention the concerns that our clients may face potential retaliation for their actions, demonstrate that our access to classified information is needed to properly or adequately represent our clients. In fact, the undersigned has already been authorized access to some classified information regarding Mr. Shaffer due to DIA's efforts to strip him of his security clearance. Thus, it is by no means speculative that adverse personnel actions may be initiated against our clients with respect to their ABLE DANGER activities.

   Mr. Krieger and I would be more than happy to cooperate fully with your agency and provide whatever background information is required to facilitate our clearance access. Given the time sensitivity of this request, we respectfully seek a response from your agency as to your intentions no later than 7 September 2005.

    Your cooperation and attention to this matter is appreciated. You may best reach me via cell phone at (202) 498-0011 or e-mail at ZaidMS@aol.com.

                                          Sincerely,

                                          /s/

                                        Mark S. Zaid

cc: Senator Pat Roberts
      Chairman, Select Committee on Intelligence
   Senator Arlen Specter
      Chairman, Committee on the Judiciary
   Congressman Peter Hoekstra
      Chairman, Permanent Select Committee on Intelligence
   Congressman Duncan Hunter
      Chairman, House Armed Services Committee
   Congressman Curt Weldon
      Chairman, Tactical Air and Land Forces Subcommittee,
      House Armed Services Committee