

# DEFENSE INTELLIGENCE AGENCY

WASHINGTON, D.C. 20340-



September 16, 2005

By Facsimile and First Class Mail

Mark S. Zaid, Esq.
Krieger & Zaid, PLLC
1920 N Street, N.W., Suite 300
Washington, DC 20036

Re: Your Request for Access to Classified National Security Information

Dear Mr. Zaid:

This responds to your letters of August 30 and 31 to Messrs. Haynes and Taylor and me concerning your representation of Mr. Anthony Shaffer and Dr. Eileen Priesser, and your request that you and your law partner, Roy W. Krieger, Esq., be granted access to classified national security information in connection with that representation. More specifically, your letter of August 30 requests that you and Mr. Krieger be permitted to receive classified information from your two clients "pertaining to their activities involving ABLE DANGER."

Mr. Haynes has asked me to respond to your letters. For the reasons explained below, I decline to recommend to the DIA Determination Authority that you and Mr. Krieger be considered for access to classified information.

## I. The Need-to-Know Determination

Your letter of August 30 requesting access to classified information relies on and quotes Department of Defense (DoD) Regulation 5200.2-R, Personnel Security Program (Jan. 1987).[1] The regulation provides in the quoted paragraph C3.4.4.6 that attorneys representing DoD personnel in litigation, such as a federal criminal prosecution involving classified evidence, may be granted access to certain classified information, where such access is necessary to adequate representation of the client. Paragraph C3.4.4.6 requires, as a prerequisite to the granting of such access, the issuance of a "certification by the General Counsel of the DoD Component involved in the litigation that access to specified classified information, on the part of the attorney concerned, is necessary to adequately represent his or her client." The cited paragraph also provides that such access requires the attorney to enter into a non-disclosure agreement with the government to ensure protection of such classified information.

---

[1] Your August 30 letter also cites to "DoD Directive 5200.1-R, Appendix B3(45)." However, the actual reference, a regulation, DoD 5200.1-R, Information Security Program (Jan. 1997), does not contain the cited appendix. DoD Directive 5200.1, DoD Information Security Program (Dec. 1996), does not contain any appendices.

It bears emphasizing that the fact that an attorney is representing a client, even a defendant in criminal litigation, does not, standing alone, establish the attorney's "need-to-know" under Section 4.1 of Executive Order 13292, Classified National Security Information,[2] as implemented by DoD information and personnel security regulations.[3] As DoD 5200.2-R explains in paragraph DL1.1.17, "Knowledge, possession of, or access to, classified information shall not be afforded to any individual solely by virtue of the individual's office, position, or security clearance."

Moreover, Appendix 8 to DoD 5200.2-R sets forth guidelines, characterized as the "whole person concept," for the government to consider in determining whether a particular individual should be granted initial or continued access to classified information, even if he or she has a need to know. That consideration is addressed in part II, below.

In contrast to the situation described by paragraph C3.4.4.6, your representation of Mr. Shaffer and Dr. Priesser with respect to ABLE DANGER does not involve litigation, and DoD 5200.2-R does not otherwise contemplate granting clearances to private counsel in your circumstances. Indeed, as your letters of August 30 and 31 explain, you are representing your clients in connection with requests from Members of Congress or their staffs for your clients simply to provide factual information concerning their knowledge of ABLE DANGER.

That consideration, coupled with the fact that your representation does not involve litigation, leads me to conclude that your request does not meet the requirements of paragraph C3.4.4.6. Therefore, I cannot certify to the DIA Determination Authority[4] that the requested access to classified information for you and Mr. Krieger is necessary to adequately represent your clients in conveying their own factual knowledge to Congress.[5]

## II. Your Record of Compromising Protected National Security Information

In addition to the need-to-know determination, DoD 5200.2-R governs the assessment of an individual's suitability for access to classified information under what Appendix 8 of the regulation describes as the "whole person concept." This involves "the assessment of a person's trustworthiness and fitness for a responsibility that could, if

---

[2] 68 Fed. Reg. 15,315 (Mar. 28, 2003) (further amending Executive Order 12958, as amended).

[3] DoD 5200.1-R, Information Security Program (Jan. 1997), and DoD 5200.2-R.

[4] The DIA Determination Authority for security clearances is the Director, Office of Counterintelligence and Security.

[5] Your August 30 letter contends that "denying our request for access will effectively and deliberately interfere with the lawful oversight responsibilities of these Congressional Committees" because "our clients have made it clear that they will not cooperate without legal representation." Such an assertion by experienced counsel is difficult to fathom. First, your clients already have legal representation – by you and Mr. Krieger. As to your clients' willingness to cooperate with Congress, the appropriate oversight Committees have ample subpoena and contempt powers to encourage their cooperation, irrespective of whether their lawyers gain access to classified information. In addition, Mr. Shaffer is, as you know, a DIA employee who may be directed by his DIA superiors to report for duty at the appropriate time and place on Capitol Hill as Congress may request.

2

abused, have unacceptable consequences for the national security." Id., paragraph C6.1.1.3. Guided by that regulatory formulation, I have carefully reviewed your own request for access in light of the decision of the United States District Court in Assassination Archives & Research Center v. CIA, 48 F. Supp.2d 1 (D.D.C. 1999). Based on the specific findings of the District Judge concerning your deliberate and wrongful compromise of Central Intelligence Agency (CIA) information you were bound to protect under a confidentiality agreement, I have concluded that a recommendation to the Determination Authority that you be considered for access to classified information would be inconsistent with both the guidance in DoD 5200.2-R and the overall objectives of DoD's personnel and information security programs.

As noted above, the governing DoD regulation on granting of such access would require you, if granted access, to execute a non-disclosure agreement concerning the classified information. However, in the Assassination Archives decision, the District Judge found, by clear and convincing evidence, that you repeatedly violated a confidentiality agreement you entered into with the CIA and the Department of Justice for the purpose of protecting certain CIA information from public disclosure. You thereby compromised sensitive government information you had pledged by written agreement to protect. Most remarkably, you then used the compromised CIA information as the factual predicate to instigate new litigation against the CIA on behalf of the Assassination Archives.

The District Judge evidently found your litigation tactics remarkable as well, because he imposed the extraordinary sanction of dismissing with prejudice your client's entire case. Judge Lamberth determined that "the unique policy issues raised by Mr. Zaid's brazen violations of the March 19, 1996 confidentiality [agreement] render all other sanctions ineffective to protect the various interests at stake." 48 F. Supp.2d at 5. Indeed, to impose such a dramatic sanction the Court was first required to find that your conduct was "abusive." Id. at 9 (quoting Shepherd v. American Broadcasting Co., 62 F.3d 1469, 1472 (D.C. Cir. 1995)). The Court did so find, characterizing your abusive conduct as a "'Rambo' litigation tactic," 48 F. Supp.2d at 10, and further condemning "Mr. Zaid's attitude toward the confidentiality agreement in general, which appears to be that one may violate it, pretend that it didn't happen, and then talk around the issue when confronted." Id. at 6.

Equally troubling, the Court was moved to conclude that "Zaid's use for personal benefit of confidential information obtained in his professional capacity raises serious questions about Mr. Zaid's adherence to the ethical standards of the legal profession." Id. at 7. The Court found that your repeated wrongful disclosures of information that you, the Justice Department and the CIA agreed would be kept secret "severely prejudiced" the CIA. Id. at 11.

The record also reflects, as the Court emphasized, that you continued to violate the terms of the confidentiality agreement, to include your filing of the new lawsuit, even after CIA legal counsel raised objections to you on a number of occasions, and even after you gave your word to CIA counsel that you would pay closer attention to the

confidentiality agreement and avoid even the appearance of impropriety. Id. at 10-11. One might fairly observe that such tactics by a member of the bar have seldom, if ever, been duplicated in the national security arena.

Weighing these judicial conclusions and the detailed findings of fact contained in the Court's decision, and bearing in mind the "whole person" guidelines in the governing DoD regulation, I am compelled to conclude that granting you access to classified information would not represent an acceptable security risk, even if you had a need for such access, which, as explained above, you do not.[6] Your conduct in the Assassination Archives case provides an additional and compelling basis for me to decline to recommend to the DIA Determination Authority that you be considered for access to classified information. Of course, this additional consideration does not apply to Mr. Krieger.

Sincerely,

George A. B. Peirce
General Counsel

cc: Hon. William J. Haynes II
Tom Taylor, Esq.

---

[6] Your letter of August 30 emphasizes that you have been granted access to classified information in other contexts, including "TS/SCI compartments," and that you were "the subject of a SSBI as a result of the district court decision in Stillman v. DoD et al., 209 F. Supp.2d 185 (D.D.C. 2002)." However, such determinations in other contexts do not control disposition of your present request for access. Also, as you know, the district court decision in Stillman ordering the government to initiate its background investigation on you was reversed and remanded by the Court of Appeals in Stillman v. CIA, 319 F.3d 546 (D.C. Cir. 2003).