


# DEFENSE INTELLIGENCE AGENCY

WASHINGTON, D.C. 20340-

U-019-06/GC                                                          February 14, 2006

By Facsimile and First Class Mail

Mark S. Zaid, Esq.
Krieger & Zaid, PLLC
1920 N Street, N.W., Suite 300
Washington, DC 20036

    Re: Your Request for Access to Classified National Security Information

Dear Mr. Zaid:

    This responds to your letter of February 2, 2006 to Messrs. Haynes and Taylor and me concerning your representation of Messrs. Anthony Shaffer and J.D. Smith, and your request that you and your law partner, Roy W. Krieger, Esq., be granted access to classified national security information in connection with that representation. Your letter characterizes this as a renewal of your prior letter request of August 30, 2005 "to receive access to classified information concerning ABLE DANGER and related programs."

    Mr. Haynes has asked me to respond to your letter. For the reasons explained below, which were more fully addressed in my letter to you of September 16, 2005, I decline to recommend to the DIA Determination Authority that you and Mr. Krieger be granted access to classified information.

### I. The Need-to-Know Determination

    As I explained to you in my letter of September 16, Department of Defense (DoD) Regulation 5200.2-R, <u>Personnel Security Program</u> (Jan. 1987), governs the process for responding to your request for access to classified information. The regulation provides in paragraph C3.4.4.6 that when private counsel represent DoD personnel <u>in litigation</u>, such as a federal criminal prosecution involving classified evidence, they may be granted access to certain classified information, where such access is necessary for adequate representation of their clients.

    Paragraph C3.4.4.6 requires, as a prerequisite to the granting of such access, the issuance of a "certification by the General Counsel of the DoD Component involved in the litigation that access to specified classified information, on the part of the attorney concerned, is necessary to adequately represent his or her client." The cited paragraph also provides that such access requires the attorney to enter into a non-disclosure

agreement with the government to ensure protection of such classified information. Contrary to the claim in your recent letter, the private lawyer's client does not have the authority to make such a need-to-know security determination unilaterally on behalf of the United States.

As I also noted in my prior letter, the fact that an attorney is representing a client, even a defendant in criminal litigation, does not, standing alone, establish the attorney's "need-to-know" under Section 4.1 of Executive Order 13292, <u>Classified National Security Information</u>,[1] as implemented by DoD information and personnel security regulations.[2] As DoD 5200.2-R explains in paragraph DL1.1.17, "Knowledge, possession of, or access to, classified information shall not be afforded to any individual solely by virtue of the individual's office, position, or security clearance."

In contrast to the situation described by paragraph C3.4.4.6, your representation of Messrs. Shaffer and Smith concerning ABLE DANGER does not involve litigation. DoD 5200.2-R does not contemplate granting clearances to private counsel in circumstances where, as here, your clients are simply being asked to provide factual information, based on their personal knowledge, to Members of Congress.

That consideration, coupled with the fact that your representation does not involve litigation, leads me to conclude that your request does not meet the requirements of paragraph C3.4.4.6. Therefore, I cannot certify to the DIA Determination Authority[3] that the requested access to classified information for you and Mr. Krieger is necessary to adequately represent your clients in conveying their own factual knowledge to Congress.

II. <u>Your Record of Compromising Protected National Security Information</u>

In addition to the need-to-know determination, DoD 5200.2-R governs the assessment of an individual's suitability for access to classified information under what Appendix 8 of the regulation describes as the "whole person concept." This involves "the assessment of a person's trustworthiness and fitness for a responsibility that could, if abused, have unacceptable consequences for the national security." <u>Id.</u>, paragraph C6.1.1.3. Guided by that regulatory formulation, I carefully reviewed your initial request for access in light of the decision of the United States District Court in <u>Assassination Archives & Research Center v. CIA</u>, 48 F. Supp.2d 1 (D.D.C. 1999). My detailed review of that case is included in my letter to you of September 16 and need not be repeated at length here. Moreover, your recent letter's assertion that the Court's decision "is irrelevant" speaks volumes on the issue of your requested access, given that the Court found your misconduct to be both "abusive" and to raise "serious questions abut Mr. Zaid's adherence to the ethical standards of the legal profession." <u>Id.</u> at 7, 9-10. How could such conclusions by a federal judge not be highly relevant in assessing your suitability for access to the nation's secrets?

---

[1] 68 Fed. Reg. 15,315 (Mar. 28, 2003) (further amending Executive Order 12958, as amended).
[2] DoD 5200.1-R, <u>Information Security Program</u> (Jan. 1997), and DoD 5200.2-R.
[3] The DIA Determination Authority for security clearances is the Director, Office of Counterintelligence and Security.

2

Based on the specific findings of the District Judge concerning your deliberate, repeated and wrongful compromise of Central Intelligence Agency (CIA) information you were bound to protect under a confidentiality agreement, I have concluded that a recommendation to the Determination Authority that you be considered for access to classified information would be inconsistent with both the guidance in DoD 5200.2-R and the overall objectives of DoD's personnel and information security programs. While, as I previously noted, this additional consideration does not apply to Mr. Krieger, neither of you has a need for access to classified information in your representation of Messrs. Shaffer or Smith.

By copy of this letter, I am so advising DIA's Chief of Counterintelligence and Security.

Sincerely,

George A. B. Peirce
General Counsel

cc: Hon. William J. Haynes II
 Tom Taylor, Esq.
 Mr. Drew Winneberger