# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY SHAFFER et al. | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Civil Action No. 06-271 (GK) |
| | * |
| DEFENSE INTELLIGENCE AGENCY et al. | * |
| | * |
| | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## **PLAINTIFF'S NOTICE OF FILING OF SUPPLEMENTAL DECLARATION**

Plaintiff Anthony Shaffer, by and through his undersigned counsel, hereby respectfully submits this Notice of Filing of Supplemental Declaration in further support of his Opposition to Defendants' Motion to Dismiss (filed May 12, 2006).

Date:   May 30, 2006

                                         Respectfully submitted,

                                         /s/
                                        _____
                                        Mark S. Zaid, Esq.
                                        DC Bar #440532
                                        Krieger & Zaid, PLLC
                                        1920 N St., N.W.
                                        Suite 300
                                        Washington, D.C. 20006
                                        (202) 454-2809

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTHONY SHAFFER et al. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 06-271 (GK) |
| | * | |
| DEFENSE INTELLIGENCE AGENCY et al. | * | |
| | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * *

**<u>SECOND DECLARATION OF MARK S. ZAID, ESQ.</u>**

The undersigned hereby declares as follows:

1. I am a person over eighteen (18) years of age and competent to testify. I make this Declaration on personal knowledge. This Declaration is submitted as a supplement to my initial declaration dated May 12, 2006, which was filed in support of the plaintiffs' Opposition to the Defendants' Motion to Dismiss.

2. The defendants have initially challenged whether plaintiff Anthony Shaffer ("Shaffer") has standing to bring this case, or whether the asserted matters are ripe for adjudication. Should this Court deny the Government's Motion, it will be necessary to decide the substantive arguments regarding whether Shaffer's counsel's access to certain classified information is appropriate. In my opinion, recent events, as described below, that postdate the filing of Shaffer's Opposition submission pertain to all of the above.

3. Shaffer and the undersigned counsel participated in interview sessions with the defendant Department of Defense's Office of Inspector General ("DoD OIG") on May 16, 2006, and May 24, 2006. The DoD OIG is conducting an investigation into, among other issues, the factual circumstances surrounding ABLE DANGER and also whether the defendant Defense Intelligence Agency retaliated against Shaffer. These two meetings, as well as two others that occurred in November 2005, have all been conducted at the

unclassified level, particularly - apparently - in order to allow the undersigned to participate.

4. During both meetings (and even during the November 2005 sessions), but especially the interview held on May 16, 2006, there were numerous instances where the conversation began to encroach upon "out of bounds" classified areas. For all I know, the conversations actually extended at times into the classified arena. In any event, it is clear to me that the primary focus and core issues at the heart of ABLE DANGER remain classified. This is of concern to me, and I believe should concern this Court for purposes of this litigation and present Motion, on at least two levels.

5. First, I, as Shaffer's counsel, cannot adequately or effectively provide him sound legal advice since I do not know all the facts of the operation, nor the full scope of Shaffer's role within the operation. This was more than clear when the conversation involved specific questions and seemingly vague discussions surrounding the legality of operations that Shaffer, and/or ABLE DANGER, might or might not have engaged in. The investigator asking the questions, and Shaffer in providing answers, continually danced around the issue while at the same time ensuring it was abundantly obvious they both knew what they were addressing. The conversation became so alarming to me that I was forced to specifically note on the record that I was concerned for Shaffer's legal well-being and could not provide either adequate or effective representation, and I advised that both this line of questioning and his answers cease. I cannot judge at this time whether Shaffer is in legal liability or not because of the veil that the Government has purposefully placed over my face while at the same time continuing to pursue matters that potentially expose Shaffer to either administrative, civil or even criminal penalties. This scenario is completely unfair and inappropriate of the defendants to place Shaffer, or anyone, in.

6. Second, it is also clear that specific individuals and organizations, due to their classified or protected nature, are not being discussed or addressed in the investigation

(again being danced around during interviews), at least not with Shaffer, who obviously was a key player in most of the relevant events. On multiple occasions I have witnessed first-hand Mr. Shaffer being stopped from providing testimony or sworn information by investigators (and I know of instances involving congressional staff) based on "security classification". I also know that Shaffer has not been asked, nor has he provided, classified inputs to the DoD OIG investigations on ABLE DANGER.  This issue is of grave concern to me as it directly impacts the scope and accuracy of the DoD OIG investigation.  It is one thing to protect classified capabilities and avoid discussion due to the presence of uncleared counsel, but it is entirely another to avoid specific relevant areas of inquiry simply because of alleged classification concerns. While I personally presently perceive the conduct of those handling the investigation to be fair and professional, I cannot imagine the investigation can be completed, and more importantly any accurate conclusions reached, without addressing the gaping holes Shaffer can apparently fill and desires to address. Due to the potential administrative and legal liability that Shaffer faces as a result of his participation in ABLE DANGER, it is imperative that the testimony he provides (unless perhaps under some grant of immunity) to the DoD OIG occur in the presence of counsel.

7. The DoD OIG has produced transcripts of the November 2005 interviews, and will do the same for the May 2006 interviews, all of which can certainly be provided to the Court for its review.

8. The DoD OIG investigation remains active (and probably will continue for at least several more weeks if not longer) and I have reason to believe Shaffer will be requested to participate in an additional interview session(s).

I do solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge.

Date: May 30, 2006

                                                         /s/
                                      _____
                                      Mark S. Zaid, Esq.
                                      Attorney for Plaintiffs