## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| | ) | |
| | ) | |
| | ) | |
| ANTHONY SHAFFER, et al. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-271 (GK) |
| | ) | |
| v. | ) | |
| | ) | |
| DEFENSE INTELLIGENCE AGENCY, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MOTION TO DISMISS THE PLAINTIFF'S CLAIMS AGAINST DEFENDANTS
## SUED IN THEIR INDIVIDUAL CAPACITIES

Pursuant to Rule 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil

Procedure, George Peirce and Robert Berry, the defendants sued in their individual capacities,

respectfully move to dismiss plaintiff's claims against them.  The grounds for this motion are set

forth in the memorandum submitted herewith.

Dated: July 11, 2006.

                Respectfully submitted,


                PETER D. KEISLER
                Assistant Attorney General

                KENNETH L. WAINSTEIN
                United States Attorney

                VINCENT M. GARVEY
                Deputy Branch Director

_____/s/_____

KAREN K. RICHARDSON
Texas Bar #785610
Senior Counsel
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W., Rm 6126
Washington, D.C.  20001
Telephone: (202) 514-3374
Facsimile: (202) 616-8460

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ | ) | |
| | ) | |
| | ) | |
| | ) | |
| ANTHONY SHAFFER, et al. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-271 (GK) |
| | ) | |
| v. | ) | |
| | ) | |
| DEFENSE INTELLIGENCE AGENCY, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS THE PLAINTIFF'S CLAIMS**
**AGAINST DEFENDANTS SUED IN THEIR INDIVIDUAL CAPACITIES**

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director


KAREN K. RICHARDSON, Texas Bar #785610
Senior Counsel
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W., Rm 6126
Washington, D.C.  20001
Telephone: (202) 514-3374
Facsimile: (202) 616-8460

Dated: July 11, 2006

**TABLE OF CONTENTS**

Page

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      I.     PLAINTIFFS' CLAIMS AGAINST DEFENDANTS PEIRCE
           AND BERRY IN THEIR INDIVIDUAL CAPACITIES FAIL
           TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED;
           PLAINTIFF IS ONLY SEEKING RELIEF AGAINST DEFENDANTS
           PEIRCE AND BERRY IN THEIR OFFICIAL CAPACITIES. . . . . . . . . . . . . . 6

      II.    THE CLAIMS AGAINST DEFENDANT BERRY IN HIS
           INDIVIDUAL CAPACITY MUST BE DISMISSED FOR
           LACK OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      III.   THIS COURT LACKS PERSONAL JURISDICTION OVER THE
           INDIVIDUALLY-NAMED DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      IV.   IF DEFENDANTS PEIRCE AND BERRY ARE DEEMED TO
           HAVE BEEN SUED IN THEIR INDIVIDUAL CAPACITIES,
           VENUE DOES NOT LIE IN THE DISTRICT OF COLUMBIA . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**TABLE OF AUTHORITIES**

CASES                                                                              Page(s)

Ali v. District of Columbia, 278 F.3d 1 (D.C. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Assassination Archives & Research Center v. CIA, 48 F.Supp.2d 1 (D.D.C. 1999) . . . . . . . . . 4

Bender v. Williamsport Area Sch. Dist., 475 U.S. 534 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . 6

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cameron v. Thornburgh, 983 F.2d 253 (D.C. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Clausen v. Brown, 1996 WL 79490 (D.D.C. Feb. 16, 1996); . . . . . . . . . . . . . . . . . . . . . . . . . 11

Community Mental Health Serv. of Belmont v. Mental Health and Recovery
Board Serving Belmont, Harrison & Monroe Counties,
   2005 WL 2233603 (6th Cir. Sept. 14, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Deutsch v. United States Dep't of Justice, 881 F. Supp. 49 (D.D.C. 1995) . . . . . . . . . . . 8, 11, 12

Dickson v. United States, 831 F. Supp. 893 (D.D.C. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

Feit v. Ward, 886 F.2d 848 (7th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Gorman v. Ameritrade Holding Corp., 293 F.3d 506 (D.C. Cir. 2002) . . . . . . . . . . . . . . . . . . 11

GTE New Media Servs. v. Bellsouth Corp., 199 F.3d 1343 (D.C. Cir. 2000) . . . . . . . . . . . . . 11

Harlow v. Fitzgerald, 457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408 (1984) . . . . . . . . . . . . . . . . 11

Ibrahim v. District of Columbia, 357 F. Supp.2d 187 (D.D.C. 2004) . . . . . . . . . . . . . . . . 9, 10, 11

International Shoe Co. v. State of Wash., 326 U.S. 310 (1945) . . . . . . . . . . . . . . . . . . . . . . . . 11

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Pollack v. Meese, 737 F. Supp. 663 (D.D.C. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10, 11

Robertson v. Merola, 895 F. Supp. 1 (D.D.C. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

Robinson v. Ashcroft, 357 F. Supp.2d 146 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9


FEDERAL STATUTES

28 U.S.C. § 1391(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 12

28 U.S.C. § 1391(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

5 U.S.C. § 701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1


FEDERAL REGULATIONS

32 C.F.R. § 154.16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


FEDERAL RULES

Fed. R. Civ. P. 4(k)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Civ. P. 4(m) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8


MISCELLANEOUS

D.C. Code § 13-422 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

D.C. Code § 13-423 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

**INTRODUCTION**

In this suit, plaintiff Shaffer[1] asserts that the defendants' determination that his private

counsel did not have a need-to-know classified information for purposes of representing plaintiff

during congressional hearings was a violation of plaintiff's purported "right to counsel" under

the First Amendment and contrary to defendants' internal regulations in violation of the

Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq. In addition to suing the Defense

Intelligence Agency ("DIA"), the Department of Defense ("DOD"), the Department of the Army

("Army") and various government officers in their official capacities, plaintiff also purports to

sue George Peirce, General Counsel for the DIA, and Robert Berry, Principal Deputy General

Counsel for the DIA, in their individual capacities. Plaintiff's claims against the individual

defendants Peirce and Berry suffer several fatal flaws and must be dismissed.

In their Memorandum in Support of Defendants' Motion to Dismiss [Docket # 13]

(hereinafter "Defs' First MTD"), defendants have already demonstrated that plaintiff lacks

standing and his claims are not ripe.[2] In addition, this Court must dismiss the claims against

defendants Peirce and Berry in their individual capacities for the simple reason that the only

relief plaintiff seeks in this action is injunctive and declaratory relief, not relief against

---

[1] Mr. J.D. Smith, the other plaintiff to this action, has indicated that he consents to the voluntary dismissal of his claims pursuant to Rule 41 of the Federal Rules of Civil Procedure. See Plaintiffs' Opposition to Defendants' [First] Motion to Dismiss [Docket #18], at 2. Accordingly, throughout this brief, defendants will refer only to plaintiff Shaffer.

[2] At the time that defendants filed their initial Motion to Dismiss on grounds of lack of standing, lack of ripeness and improper service, plaintiff had not served defendants Peirce and Berry in their individual capacities. Days before plaintiff's Opposition to Defendants' Motion to Dismiss was due to be filed, defendants Peirce and Berry received at their residences forms from plaintiff requesting waiver of service. Defendant Peirce agreed to waive service. Defendant Berry did not agree to waive service.

defendants Peirce and Berry personally.   Even viewing the claims in the light most favorable to

plaintiff, this Court must conclude that plaintiff has not properly raised claims against defendants

Peirce and Berry in their individual capacities.

In addition, plaintiff's claims against defendants Peirce and Berry in their individual

capacities, to the extent such claims are deemed to have been properly pled, must be dismissed

for lack of service of process, lack of personal jurisdiction and for improper venue.  First, Mr.

Berry did not agree to waive service and plaintiff has failed to serve Mr. Berry within the 120-

day time limit for service under Rule 4(m) of the Federal Rules of Civil Procedure.  The claims

against Mr. Berry in his individual capacity must thus be dismissed.  Second, defendants Peirce

and Berry both reside in Virginia and the requirements for personal jurisdiction under District of

Columbia law have not been satisfied.  Finally, the venue provision of 28 U.S.C. §1391(b)

applies in suits where federal employees are sued in their individual capacities.  Under that

provision, venue is only proper in a judicial district in which all defendants reside or where a

substantial part of the events giving rise to the claims occurred.  Because defendants Perce and

Berry live in Virginia and the decision that plaintiff challenges was made at defendants' offices

in Virginia, venue is not proper in the District of Columbia.

For these reasons and as set forth more fully below, the individual defendants Peirce and

Berry respectfully request the Court grant their motion and dismiss all of plaintiff's claims

against them in their individual capacities.

**PROCEDURAL BACKGROUND**

On February 14, 2006, plaintiff filed a complaint against the agency defendants and

several government officials sued in their official capacities.  See Complaint [Docket # 1].  On

that same date, plaintiff also filed a motion for a temporary restraining order. See Motion for

Temporary Restraining Order And/Or Motion for a Preliminary Injunction [Docket #2]. On

February 15, 2006, this Court denied the plaintiff's Motion for a Temporary Restraining Order.

See Minute Order dated February 15, 2006.

On February 27, 2006, plaintiff filed a First Amended Complaint. See First Amended

Complaint [Docket # 6]. For reasons that are unclear, when plaintiff amended his complaint he

purported to add claims against George Peirce, General Counsel of the DIA, and Robert Berry,

Principal Deputy General Counsel of DIA, in their "personal" capacities, even though no

individual relief was sought against them. Id. at pp. 2-3, ¶¶ 8-9.

On April 7, 2006, the agency defendants and the defendant officials sued in their official

capacities filed a motion to dismiss plaintiff's claims on ripeness and standing grounds, and for

improper service. See Defs' First MTD [Docket # 13]. That pending motion has been fully

briefed by the parties. This current motion to dismiss is filed on behalf of the individually-

named defendants, George Peirce and Robert Berry.

## FACTUAL BACKGROUND

Plaintiff Anthony Shaffer is a civilian employee of the DIA. See First Amended

Complaint, ¶ 3. As part of Mr. Shaffer's employment, Mr. Shaffer was assigned to work on a

program entitled ABLE DANGER, a program that included both classified and unclassified

components. See First Amended Complaint, ¶ 12. ABLE DANGER was a military intelligence

program under the command of the U.S. Special Operations Command. Id. at ¶ 13.

On or before August 30, 2005, Mr. Shaffer received an invitation to testify before the

United States Senate regarding ABLE DANGER. See First Amended Complaint, ¶ 23. By letter

dated August 30, 2005 to defendants Haynes, Taylor and Peirce, plaintiff's counsel requested that

they be granted access to classified information pertaining to ABLE DANGER on the basis of

their representation of Mr. Shaffer.  Id., ¶ 23 (letters dated August 30, 2005 and August 31, 2005

attached as Ex. D & E to Defs' First MTD)[Docket #13]).

By letter dated September 16, 2005, defendant George Peirce, as General Counsel for the

DIA, responded to plaintiff's counsel's request.  See First Amended Complaint, ¶ 24 (letter dated

September 16, 2005 attached as Ex. F to Defs' First MTD).  Mr. Peirce declined to recommend

plaintiff's counsel, Mark Zaid and Roy Krieger, for access to classified information regarding

ABLE DANGER in accordance with his authority under Department of Defense, Personnel

Security Program, C.3.4.4.6 (published as 32 C.F.R. § 154.16).  Id. (letter dated September 16,

2005).  In setting forth his reasons for not recommending plaintiff's counsel for access to

classified information, Mr. Peirce explained that "you are representing your clients in connection

with requests from Members of Congress or their staffs for your clients simply to provide factual

information concerning their knowledge of ABLE DANGER." Id. (September 16, 2005 letter at

p. 2).[3]

The House of Representatives scheduled a hearing involving ABLE DANGER on

February 15, 2006.  See First Amended Complaint, ¶¶ 27 & 29.  By letter dated February 2,

2006, plaintiff's counsel renewed his request to be given access to classified information for the

---

[3]  In addition to making that need-to-know determination, Mr. Peirce considered that Mr. Zaid
had been found by a District Judge in Assassination Archives & Research Center v. CIA, 48
F.Supp.2d 1 (D.D.C. 1999), to have violated a confidentiality agreement entered into with the
CIA and the Department of Justice for the purpose of protecting certain confidential CIA
information from public disclosure.  See  Letter dated September 16, 2005 at p.3 (referenced in
First Amended Complaint, ¶ 24).

purpose of representing Mr. Shaffer at the hearing.  Id. (Letter attached as Ex. C to Defs' First

MTD).   By letter dated February 14, 2006, defendant Peirce responded to the renewed request,

reiterating that plaintiff's counsel did not have a need-to-know classified information in order to

represent plaintiff at the fact-finding hearing before Congress.  See First Amended Complaint, ¶

28 (referring to Letter dated February 14, 2006, attached as Ex. G to Defs' First MTD).

On February 15, 2006, Mr. Shaffer testified in both open and closed hearings before two

House Armed Services Subcommittees.  See First Amended Complaint, ¶ 29.  Mr. Shaffer

appeared voluntarily at the hearings; he was not compelled to testify.  See Transcript of TRO

proceedings (Docket #9), at 10-11.   Since that time, no new congressional hearings have been

scheduled.  See Declaration of Salvatore M. Ferro ("Ferro Decl."), ¶¶ 2-3 (attached as Ex. H to

Defs' First MTD).

Plaintiff purports to sue defendants George Peirce and Robert Berry in their "personal" as

well as "professional" capacities.  First Amended Complaint, ¶¶ 8-9.  Defendant Peirce resides in

Fairfax County, Virginia.  See Peirce Decl. (Ex.  A to Defs' First MTD ) ¶ 2.  Likewise, Mr.

Berry resides in Burke, Virginia, not the District of Columbia.  See Berry Decl. (Ex.  B to Def's

First MTD) ¶ 2.  Nor have defendants Peirce and Berry ever incorporated or maintained a

principal place of business in the District of Columbia.  See Peirce Decl. at ¶ 3; Berry Decl. at ¶ 3

(Exhibits A and B to Def's First MTD).  The determination not to recommend plaintiffs' counsel

for access to classified information was made at the office of defendant Peirce located at the

Pentagon in Arlington, Virginia.  See Peirce Decl. at ¶ 1; Berry Decl. at ¶ 1.

**ARGUMENT**

I.    **PLAINTIFFS' CLAIMS AGAINST DEFENDANTS PEIRCE AND BERRY IN THEIR INDIVIDUAL CAPACITIES FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; PLAINTIFF IS ONLY SEEKING RELIEF AGAINST DEFENDANTS PEIRCE AND BERRY IN THEIR OFFICIAL CAPACITIES.**

Plaintiff purports to sue defendants Peirce and Berry in their individual, as well as official

capacities.  First Amended Complaint, ¶¶ 8 & 9.  However, the mere use of the term "personal"

or "individual capacity" is not enough to transform an official capacity action into an individual

capacity action.  Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 543 (1986).  The relevant

inquiry is whether relief is sought against the defendants in their individual, as opposed to

official, capacities.  Id. (Supreme Court concluded that defendant was sued in his official

capacity, not individual capacity, because complaint did not indicate that relief was sought

against defendant in his individual capacity).

Plaintiff Shaffer does not seek damages against defendants Peirce and Berry, but rather

seeks declaratory relief and an injunction requiring defendants (1) to allow plaintiff to provide his

counsel with classified information relating to ABLE DANGER and (2) to conduct an expedited

background investigation of plaintiff's counsel.[4]  See First Amended Complaint, pp. 2 &12.  The

injunctive relief plaintiff seeks is relief that can only be obtained from defendants in their official

---

[4]    Even if this were an individual capacity suit for damages, the individually-named defendants would be entitled to qualified immunity.  The Supreme Court has held that government officials performing discretionary functions generally are entitled to qualified immunity in suits seeking money damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Plaintiff cannot show that he had a constitutional or statutory right, "clearly established" or otherwise, to give his private counsel access to classified information or to require defendants to perform a background investigation.

capacities.  See Feit v. Ward, 886 F.2d 848, 858 (7th Cir. 1989) (plaintiffs' attempt to obtain

equitable relief against defendants in their personal capacities failed to state a claim because the

injunction sought – barring defendants from implementing a policy in the future -- could be

obtained "only from the defendants in their official capacities, not as private individuals.").  "Just

as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should

not be able to sue a defendant in his individual capacity for an injunction in situations in which

the injunction relates only to the official's job, i.e., his official capacity."  See Community Mental

Health Serv. of Belmont v. Mental Health and Recovery Board Serving Belmont, Harrison &

Monroe Counties, 2005 WL 2233603, *11 (6th Cir. Sept. 14, 2005).  In Community Mental

Health, the Sixth Circuit declined to find that plaintiff had raised individual capacity claims,

reasoning that if the individually-sued defendants left office, the injunction plaintiff sought

would only be useful to the plaintiff if it transferred to the individual defendants' successor.  Id.

        As in Feit and Community Mental Health, the only fair reading of plaintiff's First

Amended Complaint is that his claims are against defendants Peirce and Berry in their official

capacities only.  Neither Mr. Peirce nor Mr. Berry is capable of granting plaintiff the equitable

relief he seeks in their individual capacities.[5]  Accordingly, the "individual" claims against

defendants Peirce and Berry must be dismissed for failure to state a claim upon which relief can

---

[5] For the same reason, plaintiff lacks standing to raise claims for injunctive and declaratory relief against defendants Peirce and Berry in their individual capacities.  If a plaintiff seeks relief by means of an injunction requiring a defendant to take some official action – as plaintiff has done here – a plaintiff has no standing to sue a defendant in his individual capacity because the plaintiff's injury is not redressable by the defendant in his individual capacity.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 568 (1992) (requiring, for purposes of Article III standing, that the asserted injury will be redressed by a favorable decision).

be granted.

## II.    THE CLAIMS AGAINST DEFENDANT BERRY IN HIS INDIVIDUAL CAPACITY MUST BE DISMISSED FOR LACK OF SERVICE

Plaintiff sent defendant Berry a request to waive service of process on May 12, 2006.  See

Plf's Opp. to Def's First Motion to Dismiss [Docket #18] at 20.   However, plaintiff has not

submitted either an executed waiver of service by Mr. Berry or any proof of service.   Plaintiff's

failure to serve defendant Berry within the 120 days required by Rule 4(m) of the Federal Rules

of Civil Procedure deprives this Court of personal jurisdiction over any claims plaintiffs may

have against Mr. Berry in his individual capacity.  See Robertson v. Merola, 895 F. Supp. 1, 3

(D.D.C. 1995) (proper service of process is necessary to obtain personal jurisdiction over

defendants named in their individual capacities); Deutsch v. United States Department of Justice,

881 F. Supp. 49, 52 (D.D.C. 1995) (same); Pollack v. Meese, 737 F. Supp. 663, 666 (D.D.C.

1990) (same).

## III.    THIS COURT LACKS PERSONAL JURISDICTION OVER THE INDIVIDUALLY-NAMED DEFENDANTS

Even putting aside plaintiff's failure to properly serve defendant Berry, the claims against

defendants Peirce and Berry in their individual capacities must be dismissed for lack of personal

jurisdiction.   Because the claims are against the two government officials in their individual, as

well as official capacities, personal jurisdiction over the individual defendants is necessary.

Robertson, 895 F. Supp. at 3.  Plaintiffs bear the burden of demonstrating that the Court has

personal jurisdiction over each defendant.  See Robinson v. Ashcroft, 357 F. Supp.2d 146, 148

(D.D.C. 2004); Pollack, 737 F. Supp. at 665 (same).  Furthermore, in assessing jurisdiction, the

Court need not treat plaintiff's allegations as true, and may consider affidavits and other

materials outside the pleadings to determine whether jurisdiction exists.  See Ibrahim v. District

of Columbia, 357 F. Supp.2d 187, 191-92 (D.D.C. 2004); Robinson, 357 F. Supp.2d at 148.  A

plaintiff's failure to establish personal jurisdiction over a defendant requires dismissal of its

claims.  See Dickson v. United States, 831 F. Supp. 893, 901 (D.D.C. 1993) (dismissing

individual capacity claims against federal officers based on lack of personal jurisdiction).  The

D.C. Circuit has instructed that "[c]ourts in this circuit must examine challenges to personal

jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture

venue in the District of Columbia."  Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir.

1993).

Whether this Court may exercise personal jurisdiction over a defendant is determined by

District of Columbia law.  See Fed. R. Civ. P. 4(k)(1)(A); Pollack, 737 F. Supp. at 665.  D.C.

Code § 13-422 allows "personal jurisdiction over a person domiciled in, organized under the

laws of, or maintaining his or its principal place of business in, the District of Columbia."  See

Pollack, 737 F. Supp. at 665 (D.C. Code § 13-422 permits exercise of personal jurisdiction "over

residents [of] or those incorporated in the District of Columbia.").

Plaintiff does not allege that defendants Peirce and Berry reside in the District of

Columbia.  See First Amended Complaint ¶¶ 8-9.  And, in fact, they do not.  See Peirce Decl.

(Ex.  A to Defs' First MTD (Docket #13)) at ¶ 2 (attesting that Mr.  Peirce resides in Fairfax

County, Virginia); Berry Decl. (Ex.  B to Defs' First MTD) at ¶ 2 (attesting that Mr. Berry

resides in Burke, Virginia).  Nor does plaintiff allege that defendants Peirce and Berry have ever

incorporated or maintained a principal place of business in the District of Columbia.  See First

Amended Complaint ¶¶ 8-9.  And, in fact, they have not.  <u>See</u> Peirce Decl.,  ¶ 3; Berry Decl.,  ¶

3.   Plaintiff therefore cannot rely on D.C. Code § 13-422 to establish personal jurisdiction.  <u>See</u>

<u>Pollack</u>, 737 F. Supp. at 665; <u>Ibrahim</u>, 357 F. Supp.2d at 192-93.

      Apart from section 13-422, D.C.'s "long-arm" statute provides the only other basis on

which to establish personal jurisdiction over a defendant.  <u>See</u> D.C. Code § 13-423.  That

provision provides in pertinent part for personal jurisdiction over non-resident defendants for a

claim "arising from" the defendant's:

> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the
>     District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the
> District of Columbia if he regularly does or solicits business, [or] engages in any other
> persistent course of conduct ... in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;
> (6) contracting to insure or act as surety for or on any person, property, or risk, contract,
> obligation, or agreement located, executed, or to be performed within the District of
> Columbia at the time of contracting, unless the parties otherwise provide in writing; or
> (7) marital or parent and child relationship in the District of Columbia . . .

D.C. Code § 13-423; <u>see</u> <u>also</u> <u>Ibrahim</u>, 357 F. Supp.2d at 192-93.  To establish personal

jurisdiction under this statute, the contacts alleged must have been undertaken by the defendant

in his personal, rather than official, capacity.  <u>See</u> <u>Ali v. District of Columbia</u>, 278 F.3d 1, 7

(D.C. Cir. 2002) (rejecting claims of personal jurisdiction based on actions taken by defendants

in their official, rather than personal, capacities); <u>Ibrahim</u>, 357 F. Supp.2d at 193 (same); <u>Pollack</u>,

737 F. Supp. at 666 (same).

      Plaintiff does not allege that defendants Peirce and Berry transact any personal business

in the District of Columbia, contract to supply services or have an interest in real property there.

He also does not allege that any claims he may have against defendants Peirce and Berry "arise from" activities listed in D.C. Code § 13-423. Plaintiff therefore cannot rely on D.C. Code § 13-423. See Pollack, 737 F. Supp. at 666 (no personal jurisdiction in District of Columbia for federal prison officials who resided and worked in Missouri); see also Ibrahim, 357 F. Supp.2d at 193; Robertson, 895 F. Supp. at 3; Deutsch, 881 F. Supp. at 52.

Finally, a plaintiff seeking to demonstrate personal jurisdiction must satisfy not only the requirements of the relevant state statute, but also those of the Due Process Clause of the United States Constitution. See GTE New Media Servs. v. Bellsouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000). Plaintiff here cannot do so. Due Process requires a plaintiff to "demonstrate that finding jurisdiction over the individual defendants would not offend the 'traditional notions of fair play and substantial justice'" Dickson, 831 F. Supp. at 897 (quoting International Shoe Co. v. State of Wash., 326 U.S. 310, 316 (1945)). Due Process may be satisfied by showing "general" or "specific" jurisdiction over the person. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-473 & n.15 (1985); Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 509 (D.C. Cir. 2002). General jurisdiction requires "continuous and systematic" contacts with the forum. See GTE, 199 F.3d at 1347. Contacts "arising from federal employment or supervisor roles" are not to be counted. Claasen v. Brown, 1996 WL 79490, at *2 (D.D.C. Feb. 16, 1996); see Pollack, 737 F. Supp. at 666 (similarly). Specific jurisdiction requires that the claim for relief arise out of the defendants' activities in the forum. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n. 8 (1984). Because plaintiff's claims do not arise from any activity by defendants Peirce or Berry in the District of Columbia, there is no general or specific jurisdiction, and this Court therefore cannot assert personal jurisdiction over either of them.

Because plaintiff does not allege, much less demonstrate, the necessary statutory or

constitutional prerequisites for this Court's exercise of personal jurisdiction over defendants

Peirce and Berry, plaintiff's claims against them necessarily fail, and must be dismissed.

**IV.    IF DEFENDANTS PEIRCE AND BERRY ARE DEEMED TO HAVE BEEN SUED IN THEIR INDIVIDUAL CAPACITIES, VENUE DOES NOT LIE IN THE DISTRICT OF COLUMBIA.**

Where federal government officials have been sued in their individual capacities, the

applicable venue statute is 28 U.S.C. § 1391(b).  As the court noted in Deutsch, 881 F.Supp. at

53, "28 U.S.C. § 1391(e), the applicable venue provision for suits against federal officials in their

official capacities, is inapplicable to suits against such officials in their individual capacities;

rather, venue in such suits is governed by 28 U.S.C. § 1391(b)."  Section 1391(b) provides that

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may,
> except as otherwise provided by law, be brought only in (1) a judicial district where any
> defendant resides, if all defendants reside in the same State, (2) a judicial district in which
> a substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated, or (3) a judicial
> district in which any defendant may be found, if there is no district in which the action
> may otherwise be brought.

28 U.S.C. § 1391(b).

Applying the factors set out in 28 U.S.C. § 1391(b), venue does not lie in the District of

Columbia.   Both defendants Peirce and Berry reside in Virginia, not the District of Columbia.

See Peirce Decl. at ¶ 2 (Ex. A to Defs' First MTD); Berry Decl. at ¶ 2 (Ex. B to Defs' First

MTD).  Accordingly, the first option set forth in section 1391(b) is not available.  See 28 U.S.C.

§ 1391(b)(1) (providing venue in a judicial district "where any defendant resides, if all

defendants reside in the same State") (emphasis added).  Nor did a "substantial part of the events

or omissions giving rise to the claim" occur in the District of Columbia.  28 U.S.C. § 1391(b).

-12-

The actions about which plaintiff complains relate to the refusal to grant a request by plaintiff's

counsel to be given access to classified information.  That decision was made, not in the District

of Columbia, but at the Pentagon in Arlington, Virginia.  <u>See</u> Peirce Decl. at ¶ 1; Berry Decl. at ¶

1.  Accordingly, venue could only be proper in the Eastern District of Virginia, not the District of

Columbia, if defendants Peirce and Berry are deemed to have been sued in their individual

capacities.

## CONCLUSION

For the reasons set forth above, the individual defendants George Peirce and Robert Berry

respectfully request that the Court dismiss any and all of claims brought against them.

DATED this July 11, 2006.                    Respectfully submitted,

                                             PETER D. KEISLER
                                             Assistant Attorney General

                                             KENNETH L. WAINSTEIN
                                             United States Attorney

                                             VINCENT M. GARVEY
                                             Deputy Branch Director


                                             _____/s/_____
                                             KAREN K. RICHARDSON, Texas Bar #785610
                                             Senior Counsel
                                             U.S. Department of Justice, Civil Division
                                             Federal Programs Branch
                                             20 Massachusetts Ave., N.W., Rm 6126
                                             Washington, D.C.  20001
                                             Telephone: (202) 514-3374
                                             Facsimile: (202) 616-8460

                                             Attorneys for Defendants